THE STATE EX REL. WEST, APPELLANT, *v.* MCDONNELL, JUDGE, APPELLEE.

[Cite as *State ex rel. West v. McDonnell,* 139 Ohio St.3d 115, 2014-Ohio-1562.]

*Forfeiture proceedings are not a component of a sentencing order—Trial judge did not patently and unambiguously lack jurisdiction to conduct forfeiture proceedings after notice of appeal from criminal conviction was filed—Court of appeals' judgment dismissing petition for writ of prohibition affirmed.*

(No. 2013-0714—Submitted November 19, 2013—Decided April 17, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 99086, 2013-Ohio-1044.

_____

**Per Curiam.**

{¶ 1}  Appellant, Todd West, appeals the judgment of the Eighth District Court of Appeals dismissing his petition for a writ of prohibition against Cuyahoga County Common Pleas Court Judge Nancy McDonnell.  For the reasons set forth below, we affirm the judgment of the court of appeals.

*Background*

{¶ 2}  On March 29, 2011, West was indicted by a Cuyahoga County grand jury for running a marijuana-distribution operation with his brother, Timothy West,[1] out of a building the brothers owned at 2341 Scranton Road, in Cleveland.  *State v. West*, Cuyahoga Cty. C.P. No. CR-548609-A.

{¶ 3}  On September 16, 2011, a jury found West guilty of four felonies, with forfeiture specifications.  Judge McDonnell issued a sentencing entry on

_____

1. Timothy West is the appellant in a nearly identical case, *State ex rel. West v. McDonnell*, 139 Ohio St.3d 120, 2014-Ohio-1563, ___ N.E.3d ___, also decided today.

September 26, 2011, and in it, she listed property to be forfeited, including the property at 2341 Scranton Road.

{¶ 4} West appealed the sentencing order to the Eighth District Court of Appeals on October 11, 2011. 8th Dist. Cuyahoga No. 97398. West contends that the filing of that notice of appeal divested Judge McDonnell of jurisdiction to conduct further forfeiture hearings.

{¶ 5} On October 17, 2011, Nicholas Kulon filed a petition, pursuant to the criminal forfeiture proceedings described in R.C. 2981.04, to determine the validity of his interest in the Scranton Road property. The West brothers' mother, Donnalee West, also filed an R.C. 2981.04 petition related to the property. Judge McDonnell held two hearings on the petitions, one on November 23 and another on December 28, 2011.

{¶ 6} Judge McDonnell issued a journal entry on January 13, 2012, reiterating West's sentence and resolving the R.C. 2981.04 petitions. Judge McDonnell dismissed Donnalee West's petition as untimely. She further found that Kulon was a bona fide purchaser of the property, but that the attempted sale of the property violated R.C. 2981.07 and was void. She therefore ordered the transfer of the property to Kulon and ordered that the proceeds of the sale be forfeited to the appropriate trust funds operated by the city of Cleveland and Cuyahoga County.

{¶ 7} West filed a notice of appeal on February 2, 2012. 8th Dist. Cuyahoga No. 97899.

{¶ 8} On October 23, 2012, almost a year after Judge McDonnell entered her order on the forfeiture petitions, West commenced an original action in the Eighth District Court of Appeals, seeking a writ of prohibition to vacate Judge McDonnell's January 13, 2012 order. West argued that Judge McDonnell had lacked jurisdiction to enter the order for two reasons. First, he maintained that jurisdiction over the matter transferred to the court of appeals when he appealed

his criminal conviction on October 11, 2011. And second, he argued that the criminal indictment specified only permanent parcel No. 004-10-005 as subject to forfeiture, but the Scranton Road property that Judge McDonnell declared forfeited also included permanent parcel No. 004-10-006, and so she (allegedly) did not have jurisdiction to declare that portion of the property forfeited.

{¶ 9} The Eighth District granted Judge McDonnell's motion to dismiss. The appellate court held that R.C. 2981.04 vested Judge McDonnell with jurisdiction to conduct forfeiture proceedings even after the notice of appeal was filed. In addition, the court held that any error by the court in the sentencing entry was correctable on appeal. And the court held that West's argument concerning the indictment's alleged failure to include both parcel numbers failed because West unsuccessfully raised the very same issue in his direct appeal, and therefore the argument was barred by issue preclusion.

{¶ 10} West timely filed a notice of appeal with this court. The parties have filed briefs, and the matter is ripe for decision.

*Legal analysis*

{¶ 11} On appeal to this court, West presents two arguments. In his first proposition of law, he argues that the appellate court erred in dismissing his complaint based upon its review of evidence outside the pleadings. And in his second proposition of law, he contends that the appellate court erred as a matter of law in not granting the requested writ. Neither proposition has merit.

{¶ 12} West claims that the appellate court erred by considering evidence outside the record in deciding to dismiss his prohibition complaint. Specifically, he quotes the following paragraph from the court of appeals' decision.

> A review of the record in the underlying case indicates that the brothers had "sold" the Scranton Road property to Nicholas Kulon in May 2011. It is apparent that Kulon realized that this sale

may be problematic and commenced a civil lawsuit, *Kulon v. Timothy West, Todd West, State of Ohio & Cuyahoga Cty.,* Cuyahoga C.P. No. CV-761802, on August 8, 2011, to resolve the matter. Thus, the state of Ohio in the underlying case on October 3, 2011, filed a brief in support of forfeiture that asked the trial judge to declare that the May 2011 contract was null and void and to vest title unencumbered with the city of Cleveland. On October 17, 2011, Kulon filed a petition, pursuant to R.C. 2981.04, criminal forfeiture proceedings, to determine the validity of his interest in the Scranton Road property. In between these filings, the brothers appealed their convictions and sentences; *State v. Timothy West,* 8th Dist. No. 97391 and *State v. Todd West,* 8th Dist. No. 97398. On December 28, 2011, Donnalee West, the brothers' mother, filed a petition to determine her interest in the property.

8th Dist. Cuyahoga No. 99086, 2013-Ohio-1044, ¶ 4.

{¶ 13} Judge McDonnell argues that the factual averments in the paragraph quoted above were all properly considered by the court of appeals because all this information was part of the record in West's criminal/forfeiture case, Cuyahoga C.P. No. CR-548609-A.

{¶ 14} As a general rule, courts cannot rely on evidence or allegations outside the complaint to decide a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Judge McDonnell correctly notes that courts have recognized narrow exceptions to this rule. *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26 (in deciding a motion to dismiss, a court may consider legal arguments set forth in a separate pleading); *France v. Celebrezze*, 8th Dist.

4

Cuyahoga No. 98147, 2012-Ohio-2072, ¶ 6-7 (court may take judicial notice of its own docket to dismiss sua sponte a complaint for a writ of prohibition).

{¶ 15} It is unnecessary for the court to decide whether the appellate court in this case correctly took judicial notice of evidence and allegations in the underlying criminal complaint because those specific facts played no part in the court's decision. The court dismissed the complaint based on legal determinations: that R.C. 2981.04 gave Judge McDonnell jurisdiction to hold a forfeiture hearing and that West had an adequate remedy in the ordinary course of law by way of direct appeal. West's merit brief does not explain how specific facts outside the record concerning the dispute with Kulon were relevant, much less pivotal, to the appellate court's decision.

{¶ 16} That said, however, the appellate court did exceed its bounds in ruling on the Civ.R. 12(B)(6) motion, at least with regard to the issue of the Scranton Road parcels. The appellate court held that West's claim was barred by issue preclusion. Issue preclusion is a subset of res judicata. *State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27. It is not proper for a court to grant a motion to dismiss based on res judicata, because res judicata is an affirmative defense, *Shaper v. Tracy*, 73 Ohio St.3d 1211, 1212, 654 N.E.2d 1268 (1995); *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991), and because resolution of a res judicata defense typically requires resort to materials outside the pleadings, *Folck v. Khanzada*, 2d Dist. Clark No. 2012-CA-18, 2012-Ohio-4971, ¶ 8-9; *Commons v. Raaber*, 8th Dist. Cuyahoga No. 96867, 2011-Ohio-6084, ¶ 12; *Hillman v. Edwards*, 10th Dist. Franklin No. 10AP-950, 2011-Ohio-2677, ¶ 14.

{¶ 17} The question, then, is whether the court of appeals properly dismissed the complaint for purely legal reasons, which implicates West's second proposition of law.

**{¶ 18}** In his second proposition of law, West argues that he is entitled to a writ of prohibition because Judge McDonnell lacked jurisdiction to conduct a forfeiture hearing after West filed his notice of appeal from the criminal conviction.

**{¶ 19}** If a court patently and unambiguously lacks jurisdiction, a writ of prohibition will issue to prevent any future unlawful exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 26. However, if the court does not patently and unambiguously lack jurisdiction, then a party who disputes that jurisdiction has an adequate remedy by way of appeal, and so a writ of prohibition will not issue. *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 504, 597 N.E.2d 116 (1992); *State ex rel. Pearson v. Moore*, 48 Ohio St.3d 37, 38, 548 N.E.2d 945 (1990).

**{¶ 20}** The court of appeals held that Judge McDonnell did not patently and unambiguously lack jurisdiction, because R.C. 2981.04 vested her with at least apparent jurisdiction to conduct forfeiture proceedings even after the notice of appeal was filed. Specifically, R.C. 2981.04(E)(1) allows any person (other than the offender) who asserts a legal interest in the forfeited property to petition the court for a hearing to adjudicate the validity of that interest after the court has entered the forfeiture order. This is precisely what happened with respect to the Scranton Road property.

**{¶ 21}** In his current appeal, West does not directly dispute this legal conclusion. Instead, he argues that Judge McDonnell's actions amounted to modifying his sentencing order while the case was on appeal. West contends that the trial court is without jurisdiction to amend a criminal sentence while the case is on appeal, citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978).

**{¶ 22}** This court's decision in *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, is dispositive of West's argument. In *Harris*, this court held that an order of forfeiture is not a criminal penalty, and thus, the forfeiture need not be in the sentencing entry. *Id*. at ¶ 27-28. "[T]he forfeiture of items contemplates judicial action and additional considerations that extend beyond a defendant's criminal case." *Id*. at ¶ 33. The statute anticipates that the court may have to conduct additional proceedings regarding forfeiture after the conviction is finalized. R.C. 2981.04(E).

**{¶ 23}** Because forfeiture proceedings are not a component of the sentencing order itself, the holding in *Special Prosecutors* does not apply to them. For that reason, the court of appeals was correct in holding that Judge McDonnell did not patently and unambiguously lack jurisdiction and that any errors in the proceedings should be addressed on appeal.

**{¶ 24}** That principle extends to West's argument that Judge McDonnell lacked jurisdiction to order the entire Scranton Road property forfeited because the indictment failed to list one of the parcel numbers in describing the property subject to forfeiture. Any error in that regard was an error in the exercise of jurisdiction, rather than an action undertaken in the absence of subject-matter jurisdiction. *See State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 22 (entry that rezoned property in violation of city charter requiring voter approval for residential zoning changes was an error in the exercise of jurisdiction, not an error establishing lack of subject-matter jurisdiction).

**{¶ 25}** Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Todd West, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____