[Cite as *Smith v. Ohio Edison Co.*, 2015-Ohio-4540.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| C. RICHARD SMITH, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2014-T-0093** |
| OHIO EDISON COMPANY, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CV 1528.

Judgment: Affirmed.

*Michael D. Rossi*, Guarnieri & Secrest, *P.L.L.,* 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiff-Appellant).

*John T. Dellick,* Harrington, Hoppe & Mitchell, LTD., 1200 Sky Bank Building, 26 Market Street, Suite 1200, P.O. Box 6077, Youngstown, OH 44501 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}   Plaintiff-appellant, C. Richard Smith, appeals the May 8, 2014 Judgment Entry of the Trumbull County Court of Common Pleas, granting defendant-appellee, Ohio Edison Company's, Motion to Dismiss with respect to his claim for Spoliation of Evidence on the grounds of res judicata.  The issue before this court is whether a conclusive determination that a certain claim was waived in an administrative

proceeding bars that claim from being raised in a separate action filed in common pleas court. For the following reasons, we affirm the decision of the court below.

{¶2} On July 3, 2012, Smith filed a Complaint against Ohio Edison in the Trumbull County Court of Common Pleas, setting forth claims for Inadequate Service (Count I), Spoliation of Evidence (Count II), and Termination of Service without Proper Notice (Count III).

{¶3} On October 29, 2013, Ohio Edison filed a Motion to Dismiss on the following grounds: "[P]ursuant to Civ.R. 12(B)(1) and 12(B)(6), Count II and Count III must be dismissed, as they were resolved at the Public Utilities Commission of Ohio ('PUCO') and Plaintiff's subsequent appeal to the Ohio Supreme Court. Count I must also be dismissed due to the lack of recoverable damages."

{¶4} On May 8, 2014, the trial court granted the Motion to Dismiss with respect to the claims for Spoliation and Termination of Service on the grounds of res judicata. The court denied the Motion with respect to the claim for Inadequate Service.

{¶5} On May 14, 2014, Ohio Edison filed an Answer.

{¶6} On October 6, 2014, the parties entered into a Stipulation and Judgment Entry, whereby they stipulated that Smith's damages for Inadequate Service were nominal and agreed that judgment in the amount of $10 should be entered in Smith's favor.

{¶7} On October 17, 2014, Smith filed a Notice of Appeal. On appeal, Smith raises the following assignment of error: "The trial court erred in dismissing Count II (Spoliation of Evidence) of the Complaint."

**{¶8}** "The doctrine of *res judicata* involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava* at syllabus. "[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.E.2d 308 (1980). "[R]es judicata, whether claim preclusion or issue preclusion, applies to administrative proceedings that are 'of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding.'" (Internal citation omitted.) *Grava* at 381, citing *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals*, 31 Ohio St.3d 260, 263, 510 N.E.2d 373 (1987); *Office of Consumers' Counsel v. Pub. Util. Comm. of Ohio*, 16 Ohio St.3d 9, 10, 475 N.E.2d 782 (1985).

**{¶9}** The application of the principles of res judicata and collateral estoppel is not mandatory in every case. *Castorr v. Brundage*, 674 F.2d 531, 536 (6th Cir.1982). The Ohio Supreme Court has recognized "that *res judicata* is not a shield to protect the blameworthy." *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001).

> The doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time, but rather a rule of fundamental and substantial justice, or public policy and of

3

private peace. The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*

(Internal citations omitted.) *Id.*

{¶10} The application of res judicata is reviewed de novo on appeal. *McGowan v. McDowell*, 11th Dist. Portage No. 2008-P-0112, 2009-Ohio-5891, ¶ 18; *Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶ 14.

{¶11} In the present case, Smith's Spoliation claim arose out of a complaint filed against Ohio Edison with the Public Utilities Commission (Case No. 10-340-EL-CSS). Complaint at ¶ 3.

[O]n March 17, 2010, Smith filed a pro se complaint against Ohio Edison with the commission pursuant to R.C. 4905.26. Smith subsequently retained counsel and filed an amended complaint on August 9, 2010. The amended complaint alleged, among other things, that Smith had established residential electric service to his Mahoning Avenue property through his repeated phone calls to Ohio Edison. Smith further alleged that Ohio Edison had terminated the electric service to this property without warning or proper notification to him, in violation of the

4

Ohio Administrative Code. Smith claimed injury and requested that Ohio Edison pay damages.

*Smith v. Ohio Edison Co.*, 137 Ohio St.3d 7, 2013-Ohio-4070, 996 N.E.2d 927, ¶ 17.

{¶12} "The commission held an evidentiary hearing on February 23, 2011." *Id.* at ¶ 18. "At the February 23, 2011 hearing before the Public Utilities Commission, Ohio Edison Company played Exhibit G [which] was a CD containing eleven recorded telephone conversations between C. Richard Smith and Ohio Edison Company representatives." Complaint at ¶ 44.

{¶13} "Smith * * * sought rehearing before the commission." *Smith* at ¶ 20.

45. After the hearing, C. Richard Smith submitted a digital copy of Exhibit G, that he obtained from Ohio Edison Company, to an expert in the analysis of audio recordings, and based upon the review of only one of the eleven telephone conversations, the expert found 13 areas of concern.

46. Based upon the expert evaluation of Exhibit G, C. Richard Smith believes that Ohio Edison Company altered the evidence that was submitted to the Public Utilities Commission at the February 23, 2011 hearing.

Complaint at 7.

{¶14} The Commission denied Smith's application for rehearing on August 31, 2011, and Smith appealed to the Ohio Supreme Court. *Smith* at ¶ 20; Complaint at ¶ 6.

{¶15} Among the propositions of law presented before the Supreme Court, Smith "claim[ed] that the commission should have granted his rehearing application

5

because he provided 'some evidence' to support his claim that the recordings were altered." *Smith* at ¶ 46. The Supreme Court found no error in the Commission's decision to deny rehearing.

First, Smith's counsel completely ignores that he signed a stipulation before the hearing that the recordings were authentic. The stipulation states that "[t]he tape recorded telephone conversations between C. Richard Smith and Ohio Edison personnel * * * are authentic recordings of those conversations made at the time of the telephone conversations in the ordinary course of business by Respondent Ohio Edison Company." Yet on appeal, Smith's counsel makes no mention of the stipulation, let alone offers an explanation that would serve as a reason to invalidate the stipulation at this late date.

Second, the commission did not deny rehearing based on a lack of evidence. Rather, it found that the alleged error had been waived. We agree with this conclusion. As noted, Smith did not raise any complaint regarding the audio recordings until he filed his application for rehearing, long after the evidentiary hearing where those recordings were played. Smith did not object to the fact that he received the compact discs only six days before the hearing or argue that he had insufficient time before the hearing to review the recordings. He also waited until after the hearing to hire an audio expert,

6

instead of seeking to have the hearing continued so he could retain an expert to review the recordings before the hearing. By failing to take any of these steps, Smith deprived the commission of an opportunity to cure any error when it reasonably could have. Therefore, the commission correctly found that the issue had been waived. *See Parma v. Pub. Util. Comm.*, 86 Ohio St. 3d 144, 148, 712 N.E.2d 724 (1999) ("we do not accept * * * objections" when appellant has "deprived the commission of an opportunity to redress any injury or prejudice that may have occurred"); *In re Application of Am. Transm. Sys., Inc.*, 125 Ohio St.3d 333, 2010-Ohio-1841, 928 N.E.2d 427, ¶ 31 (same).

*Smith* at ¶ 47-48.

{¶16} Smith's argument on appeal in the present case is that the application of res judicata works an injustice and rewards the offending party (Ohio Edison) for misrepresenting or destroying evidence. We disagree.

{¶17} The Ohio Supreme Court has held that "claims for spoliation of evidence may be brought after the primary action has been concluded only when evidence of spoliation is not discovered until after the conclusion of the primary action." *Davis*, 93 Ohio St.3d at 491, 756 N.E.2d 657; *Monroe v. Forum Health*, 11th Dist. Trumbull No. 2014-T-0015, 2014-Ohio-3974, ¶ 34 ("since the spoliation was discovered during the trial, it could not be raised in a separate claim").

{¶18} With respect to Smith's Spoliation claim, the Ohio Supreme Court conclusively determined that Smith waived it by not raising it during the course of the proceedings before the Commission. Thus, under the aspect of res judicata known as issue preclusion, Smith is collaterally estopped from raising his Spoliation claim in an independent action. *Fort Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998) ("[t]he doctrine of issue preclusion, also known as collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different").

{¶19} Although not raised by the parties, the trial court erred by granting Ohio Edison's Motion to Dismiss based on res judicata inasmuch as the Ohio Supreme Court holds that res judicata is not a proper basis for a Civil Rule 12 motion. *Jefferson v. Bunting*, 140 Ohio St.3d 62, 2014-Ohio-3074, 14 N.E.3d 1036, ¶ 9-10, citing *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991). "It is not proper for a court to grant a motion to dismiss based on res judicata, because res judicata is an affirmative defense, [Civ.R. 8(C)] * * * and because resolution of a res judicata defense typically requires resort to materials outside the pleadings." *State ex rel. West v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, 9 N.E.3d 1025, ¶ 16 (cases cited). "When the res judicata defense depends on documents outside the pleadings, the proper procedure is for the court to convert the motion to dismiss into a motion for

summary judgment and provide the opposing party with notice and an opportunity to respond." *Jefferson* at ¶ 12.

**{¶20}** In the present case, we find the error harmless. Civ.R. 61 ("no error or defect in any ruling or order * * * is ground for * * * vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice").

**{¶21}** "The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context." (Citation omitted.) *Petrey v. Simon*, 4 Ohio St.3d 154, 155, 447 N.E.2d 1285 (1983).

**{¶22}** In support of its Motion to Dismiss, Ohio Edison attached copies of the Commission's July 6, 2011 Opinion and Order and August 31, 2011 Entry on Rehearing. Although these documents are outside of the pleadings, neither document is necessary to establish the applicability of res judicata to bar Smith's Spoliation claim. Smith's Complaint and the Ohio Supreme Court's decision in *Smith v. Ohio Edison Co.* are sufficient to demonstrate that the claim for Spoliation has been passed upon by a court of competent jurisdiction and, thus, is barred from being raised herein.

**{¶23}** Moreover, Smith had ample opportunity to respond or object to the documents attached to Ohio Edison's Motion to Dismiss. The Motion to Dismiss was filed on October 29, 2013. Smith responded on November 13, 2013, with a Memorandum contra Defendant's Motion to Dismiss and a Motion for Leave to File an Amended Complaint. Smith sought to dismiss the Termination of Service without

9

Proper Notice (Count III) claim, acknowledging "the finality of certain companion PUCO proceedings" with respect to this claim. On May 2, 2014, Smith filed a Supplemental Memorandum contra Defendant's Motion to Dismiss. The trial court dismissed the Spoliation claim on May 8, 2014, over six months after the Motion to Dismiss was filed. *See Dietelbach v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2004-T-4902, 2005-Ohio-0063, ¶ 11 ("[w]hile the court did not provide any type of formal notice of the conversion of the Civ.R 12(B)(6) to one under Civ.R. 56, Dietelbach did have a reasonable opportunity to present evidence outside her complaint in support of her opposition to Ohio Edison's motion").

{¶24} The sole assignment of error is without merit.

{¶25} For the foregoing reasons, the May 8, 2014 Judgment Entry of the Trumbull County Court of Common Pleas, dismissing Smith's claim for Spoliation of Evidence, is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.