[Cite as *Duczman v. Sorin*, 2018-Ohio-3442.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

JOSEPH DUCZMAN,                          :        **O P I N I O N**

        Plaintiff-Appellant,             :

        - vs -                          :        **CASE NO.  2017-L-126**

MARIA SORIN,                             :

        Defendant-Appellee.              :


Civil Appeal from the Lake County Court of Common Pleas, Juvenile Division.
Case No. 2014 PR 00507.

Judgment: Affirmed in part and reversed in part; remanded.


*James W. Reardon*, Carrabine & Reardon Co., L.P.A., 7445 Center Street, Mentor, OH 44060 (For Plaintiff-Appellant).

*Jon D. Axelrod* and *Rochelle M. Hellier*, Axelrod Law Office, 36615 Vine Street, Suite 102, Willoughby, OH 44094 (For Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Joseph Duczman, appeals from the September 13, 2017 judgment entry of the Lake County Court of Common Pleas, Juvenile Division.  Appellant takes issue with the trial court's child support order.  For the following reasons, the trial court's judgment is affirmed in part and reversed in part, and the matter is remanded.

{¶2} Appellant and Maria Sorin, appellee herein, are the biological parents of two minor children: A.D. (d.o.b. 09-17-2011) and S.D. (d.o.b. 07-27-2013). On March 13, 2014, appellant filed a complaint in which he requested parenting time with the children and asked the court to order child support. Appellee filed an answer and counterclaim. She requested the complaint be dismissed and sought sole custody of the children; she further requested that she be named temporary and permanent residential parent and legal custodian of the children and that she be awarded temporary and permanent child support.

{¶3} A trial to the magistrate was held on May 2, 2016. A magistrate's decision was issued on May 27, 2016. Regarding child support, the magistrate recommended appellant pay the sum of $619.33 per month when private health insurance is being provided for the minor children. To calculate the child support, the magistrate utilized appellant's 2014 salary of $36,953.00, which was from his business, a martial arts school he owned since 2014. The magistrate's decision explained that the evidence established appellant's business made an additional profit of $28,466.00. However, the magistrate did not include that amount in appellant's gross income for purposes of calculating support, stating "the evidence was unrefuted that Father utilized that money to advance the business, i.e. paying on his business loan and health insurance premium." The magistrate stated, "Father testified that the profit is used to pay the

2

business loan, contribute to a retirement account and purchase health insurance for himself."

{¶4} Appellee filed objections to the magistrate's May 27, 2016 decision. Appellee argued the trial court's failure to include the business profits as gross income was contrary to law. Appellant filed a response, arguing appellee's objections should be overruled because she failed to file a transcript of the trial to the magistrate.

{¶5} On July 15, 2016, the trial court overruled appellee's objections solely on the basis that she did not file a transcript.

{¶6} On July 18, 2016, the trial court adopted the magistrate's decision in full. Appellee did not appeal that decision.

{¶7} On November 29, 2016, appellee filed a "Motion to Modify Allocation of Parental Rights and Responsibilities" due to a change in circumstances. In her attached affidavit, appellee averred, "it would be in the child's best interest if child support were modified to accurately reflect the parties' income as there has been a change."

{¶8} A trial to the magistrate was held on May 31, 2017. Appellant and appellee both testified. The following documents were entered into evidence: appellant's 2015 and 2016 income tax returns; the 2015 and 2016 tax returns for appellant's business, Ohio Karate, LLC ("Ohio Karate"); appellee's 2016 tax return; and appellee's pay stubs for March and April 2017.

**{¶9}** On June 7, 2017, appellee submitted a closing statement brief, arguing appellant's income had been understated and improperly calculated in the first child support order. Appellee maintained appellant's income "includes the wages he pays himself via regular payroll **and** his business income, which should be included in his total income calculation." (Emphasis sic.) Appellant also filed a closing statement brief. He argued his income remained substantially similar to what it was at the time of the original order and that res judicata applied to the issue.

**{¶10}** A magistrate's decision was filed on June 27, 2017. Regarding child support, the magistrate recommended appellee's "Motion to Modify Allocation of Parental Rights and Responsibilities" was well taken. Appellant filed objections to the magistrate's decision on July 10, 2017. He filed a transcript on August 14, 2017, and supplemental objections on August 30, 2017. On September 13, 2017, the trial court overruled appellant's objections and adopted the magistrate's decision in full.

**{¶11}** Appellant noticed a timely appeal. On appeal he asserts two assignments of error:

[1.] The Juvenile Court Magistrate and Trial Court abused its discretion and committed prejudicial error by increasing Plaintiff-Appellant's child support obligation where there was virtually no change in the parties' incomes, testimony or evidence from the child support determination made only months before Defendant-Appellee's Motion to Modify.

[2.] *Res judicata* applies in this case where the exact same issue was previously decided on the exact same evidence.

We address appellant's assignments of error out of order.

{¶12} In his second assignment of error, appellant argues appellee's request to modify the child support obligation was barred by res judicata because at the time of the first order the trial court determined appellant's business profits would not be included in his gross income, and appellee failed to file a direct appeal from that order. Appellant maintains there was subsequently no change in the parties' circumstances and incomes, and there was no new evidence presented at the second hearing.

{¶13} The application of res judicata is a question of law and, therefore, is reviewed de novo. *McGowan v. McDowell*, 11th Dist. Portage No. 2008-P-0112, 2009-Ohio-5891, ¶18, citing *Zamos v. Zamos*, 11th Dist. Portage No. 2008-P-0021, 2009-Ohio-1321, ¶14.

{¶14} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). Res judicata prevents "relitigation of issues already decided by a court or matters that should have been brought as part of a previous action." *Lasko v. General Motors Corp.*, 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103, ¶16.

{¶15} "The application of the principles of res judicata * * * is not mandatory in every case." *Smith v. Ohio Edison Co.*, 11th Dist. Trumbull No. 2014-T-0093, 2015-Ohio-4540, ¶9 (citations omitted). "'The doctrine may be said to adhere in legal systems as a rule of justice. Hence, the

5

position has been taken that the doctrine of res judicata is to be applied in particular situations as fairness and justice require, *and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*'" *Id.*, quoting *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491 (2001) (emphasis sic). Regarding child support, because domestic relations courts have continuing jurisdiction over child support matters, "*res judicata* should be applied with the 'strictest of caution in order to prevent a chilling effect on Ohio's legal mechanisms for periodic adjustments to child-support orders.'" *McNabb v. McNabb*, 12th Dist. Warren Nos. CA2012-06-056 & CA2012-06-057, 2013-Ohio-2158, ¶22, quoting *Kiehborth v. Kiehborth*, 169 Ohio App.3d 308, 2006-Ohio-5529, ¶15 (5th Dist.).

{¶16} The trial court declined to apply the principles of res judicata to the present case. The court had continuing jurisdiction under R.C. 3119.79(A) to modify the child support order at the request of one of the parties. The trial court determined there was a change in circumstances, and it modified the order accordingly. The record reflects the same magistrate presided over both hearings in this case. Although in the original decision the magistrate determined appellant provided "unrefuted" evidence the business profits were used to "advance the business," the June 27, 2017 magistrate's decision acknowledges: "It is likely that the Hearing Officer incorrectly excluded business profits from Father's support obligation in its 2016 calculation and subsequent support order. Compounding that error by turning a blind eye to it for the sake of saving face is not in the best

6

interests of the minor children." Based on the specific facts of this case, and because the trial court had continuing jurisdiction to modify the child support order, we find no error in the trial court's decision not to apply the principles of res judicata in order to preserve justice for the minor children involved.

{¶17} The dissent maintains this court has found res judicata applicable in similar cases involving child support. The cases the dissent references did not involve a situation wherein the magistrate explicitly acknowledged and addressed an error in the original order of child support. We recognize the correct procedure to address this error would have been for appellee to file a direct appeal from the trial court's July 18, 2016 judgment, and we acknowledge appellee did not follow that procedure. Under normal circumstances appellee's arguments would have been barred by the doctrine of res judicata. However, this case presents exceptional circumstances and we find no error in the trial court's determination that failure to address the error was not in the best interest of the minor children involved.

{¶18} Appellant's second assignment of error is without merit.

{¶19} Under his first assignment of error, appellant argues the trial court abused its discretion when it increased his child support obligation because there was no substantial change in either party's income from the time of the original order.

7

{¶20} In the second calculation, the court included the business profits as part of appellant's gross income, whereas the first time it did not. The magistrate, after hearing further testimony regarding the business profits, determined it was error not to include it in the calculation. Because appellee did not appeal the first order, the question becomes whether the trial court can essentially reconsider its prior order due to a self-described error in exclusion of the business profits.

{¶21} A trial court's decision regarding child support will not be reversed by a reviewing court unless it is shown that the trial court abused its discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997), citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary 11 (8th Ed.2004).

{¶22} R.C. 3119.79 governs modifications of an existing child support order. Pursuant to R.C. 3119.79(A):

If an obligor or obligee under a child support order requests that the court modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet through the line establishing the actual annual obligation. If that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount.

**{¶23}** R.C. 3119.79(C) further provides, in pertinent part:

> If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order * * *, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet through the line establishing the actual annual obligation[.]

"The ten percent difference applies to the *change in the amount of child support,* not to the change in circumstances of the parents." *DePalmo v. DePalmo*, 78 Ohio St.3d 535, 540 (1997) (emphasis sic). "The statute considered in *DePalmo* was R.C. 3113.215, specifically, R.C. 3113.215(B)(4). Although this subsection has be re-codified as R.C. 3119.79, there has been no change in the statutory requirements. Hence, the court's observations in *DePalmo* still apply." *See Schilling v. Ball*, 11th Dist. Lake No. 2016-L-072, 2017-Ohio-5511, ¶17, citing *DePalmo*, *supra*, at 539-540 and *Mossing-Landers v. Landers*, 2d Dist. Montgomery No. 27031, 2016-Ohio-7625, ¶48.

**{¶24}** The 2016 tax return for Ohio Karate reflects the business's income was $28,446.00, after deductions. Appellant's tax return, which includes the business profits and his salary from the business, reflects appellant's total income of $64,607.00, and an adjusted gross income of $60,628.00, which is the amount the magistrate used to calculate the child support modification. Appellant's original child support obligation was $619.33. After appellee filed for modification of the child support order, the recalculated amount was $907.39, reflected in the child support worksheet. The difference between the original amount and the recalculated amount is $288.06. The magistrate determined because the difference exceeds ten

9

percent of the original obligation, the court should modify appellant's child support obligation.

{¶25} Appellant argues the trial court was not permitted to modify the order because there has, in fact, been no "change in circumstances" as the statute requires. He contends the recalculated amount was inflated because the magistrate improperly included appellant's business profits as gross income to calculate the support modification even though he provided "unrefuted evidence" at the first hearing that the business profits were used to make payments towards the business loan, to contribute to his retirement account, to purchase health insurance, and "to generally operate the business." Appellant contends these expenses were "ordinary and necessary" and incurred to help generate gross receipts for the business, and, pursuant to R.C. 3119.01(C)(9)(a) and R.C. 3119.01(C)(13), they should be excluded from his gross income for purposes of calculating child support.

{¶26} R.C. 3119.01(C)(7) defines "gross income" as "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable[.]" Gross income includes salaries and wages, in addition to self-generated income. *Id.* However, R.C. 3119.01(C)(7) further provides, in pertinent part: "'Gross income' does not include any of the following: * * * (d) Amounts paid for mandatory deductions from wages such as union dues but not taxes, social security, or retirement in lieu of social security[.]"

10

{¶27} "'Self-generated income' means gross receipts received by a parent from self-employment, proprietorship of a business, * * * and rents minus ordinary and necessary expenses incurred by the parent in generating the gross receipts.'" R.C. 3119.01(C)(13). Further, "'[o]rdinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or the parent's business and includes depreciation expenses of business equipment as shown on the books of a business entity." R.C. 3119.01(C)(9)(a).

{¶28} Pursuant to R.C. 3119.05(A), the trial court is required to verify each parents' "current and past income and personal earnings * * * by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns." "A party claiming a business expense has the burden of providing suitable documentation to establish the expense. A trial court is not required to blindly accept all of the expenses an appellant claims to have deducted in his tax returns as ordinary and necessary expenses incurred in generating gross receipts." *Ockunzzi v. Ockunzzi*, 8th Dist. Cuyahoga No. 86785, 2006-Ohio-5741, ¶53 (citation omitted).

{¶29} Regarding the appellant's business expenses, the magistrate's decision states:

The evidence was sparse, at best, regarding Father's claim that the business profits are ordinary and necessary business expenses that should be deducted from Father's income. Father made a vague,

11

generalized statement, without any specific figures or supporting documentation that the profit was used for business expenses.

{¶30} We note that the trial court did, in fact, allow for deduction of health insurance expenses. This is reflected on appellant's 2016 personal tax return. We hold under the facts and circumstances of this case, it was not error for the magistrate and trial court to consider whether inclusion of the remaining business profits was appropriate when addressing the motion to modify.

{¶31} We find, however, that the trial court failed to afford appellant due process when it modified the child support obligation without notifying appellant it intended to reconsider the error in the magistrate's original decision. The magistrate's June 27, 2017 decision was based on substantially similar evidence to its May 27, 2016 decision. In the earlier decision, the magistrate found appellant had provided "unrefuted" evidence that supported exclusion of the remaining business profits from appellant's gross income. Based on the first decision, appellant justifiably had no reason to believe he needed to present additional or different evidence establishing why those profits should be excluded.

{¶32} We reverse and remand for the trial court to hold a new hearing on appellee's "Motion to Modify Allocation of Parental Rights and Responsibilities," only as it pertains to a modification of the child support obligation. The trial court is to afford appellant the opportunity to introduce evidence why the business profits should not be considered as gross income for purposes of calculating child support.

12

{¶33} Appellant's first assignment of error has merit to the extent discussed above.

{¶34} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Juvenile Division, is affirmed in part and reversed in part, and this matter is remanded for additional proceedings consistent with this opinion.

COLLEEN MARY O'TOOLE, J., concurs,

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

_____

DIANE V. GRENDELL, J., concurs in part and dissents in part, with a Dissenting Opinion.

{¶35} *While I concur with the majority's determination that the trial court's judgment should be reversed, the reversal should be as to the entirety of the judgment and no remand for a new hearing should be ordered. Rather, since the Motion to Modify the appellant's child support obligation was barred by res judicata, the lower court's judgment should be reversed and vacated and the initial support order should continue. The appellee failed to challenge the alleged error in the support award through appropriate proceedings, and, thus, the merits of her Motion were improperly considered.*

{¶36} *In the present matter, the lower court entered an award of child support following a consideration of appellant, Joseph Duczman's,*

13

*personal and business income. A trial was held as to this issue, where both parties presented evidence and argument. The court ultimately concluded that the business profits were not part of Duczman's income for the purposes of determining child support. Appellee, Maria Sorin, failed to challenge the support order through a direct appeal. Instead, she chose to wait four months before filing a Motion to Modify in the trial court. The parties then contested the exact issue that had already been litigated: whether Duczman's business profits were part of his personal income for child support purposes.*

{¶37} *Generally, courts apply the well-established principle that* "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus; *Kalia v. Kalia*, 151 Ohio App.3d 145, 2002-Ohio-7160, 783 N.E.2d 623, ¶ 32 (11th Dist.) (res judicata "precludes relitigation of the same issue when there is mutuality of the parties and when a final decision has been rendered on the merits"). This principle applies in the present case, where there is no question that a final judgment on the merits was rendered by the trial court prior to the filing of the Motion to Modify.

{¶38} The majority holds that the court did not err in proceeding to consideration of the merits since courts can decline to apply the doctrine of res judicata in child support matters when "fairness and justice require."

14

However, this court has found the doctrine of res judicata to be applicable in similar matters involving child support. In one instance, where a party moved to modify child support "on the same basis" as a prior request for modification and "present[ed] no new evidence on how the circumstances were different," this court found the matter barred by res judicata. *Kean v. Kean*, 11th Dist. Trumbull No. 2005-T-0079, 2006-Ohio-3222, ¶ 12, citing *Petralia v. Petralia*, 11th Dist. Lake No. 2002-L-047, 2003-Ohio-3867, ¶ 14-15.

{¶39} Similarly, in *Nolan v. Nolan*, 11th Dist. Geauga No. 2009-G-2885, 2010-Ohio-1447, this court found that although the appellant argued an improper amount of income had been previously utilized to calculate child support, the motion to vacate was barred by operation of res judicata, since the same issue had already been disputed. *Id.* at ¶ 39-41. While the majority claims that these cases are distinguishable since the magistrate in the present matter "explicitly acknowledged and addressed an error in the original order of child support," in *Petralia* and *Nolan*, the recognition that res judicata applied precluded consideration of whether the court's prior ruling may have been made in error. It was irrelevant, then, whether the child support claims may have had merit. Further, the majority's conclusion that the best interest of the child should prohibit application of the doctrine of res judicata is not a concern that is unique to the present matter, as best interest concerns apply in all child support matters. Nonetheless, this court still properly chose to apply the doctrine of res judicata in the foregoing

15

cases, a precedent which must be followed by this court.

{¶40} Consistency by an appellate court is a linchpin to justice and fairness. By failing to apply this precedent, the majority once again demonstrates a dangerous lack of consistency. *See Filby v. Filby*, 11th Dist. Geauga No. 2017-G-0142, 2018-Ohio-907, ¶ 11 (Grendell, J., concurring in judgment only) (emphasizing the majority's inconsistency in its interpretation and application of the clearly defined term "shall").

{¶41} Given the foregoing law and the facts of this case, fairness and justice require the application of the doctrine of res judicata to preclude relitigation of an issue that was already determined. This provides finality, conserves the valuable time and resources of the courts and the parties, and prevents parties from improperly seeking a proverbial second bite at the apple. *See Monroe v. Forum Health*, 11th Dist. Trumbull No. 2014-T-0015*, 2014-Ohio-3974, ¶ 56 (noting the necessity of finality in litigation).

{¶42} To the extent that it is argued that an error made by the lower court necessitated abandonment of the well-established principles of res judicata, it must be emphasized that other remedies are available to address errors by the trial court. Sorin failed to avail herself of these options, such as filing a direct appeal which would have provided a timely opportunity to rectify any error without requiring an additional evidentiary hearing. This is the purpose of the appellate court.

16

{¶43} For the foregoing reasons, I dissent in part from the majority's opinion and would vacate the trial court's decision since principles of res judicata precluded a ruling in favor of Sorin on the Motion to Modify.