[Cite as *Hopson v. Hopson*, 2022-Ohio-4511.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LINDA S. HOPSON,                    :

    Plaintiff-Appellant,        :

                            No. 111476

    v.                          :

KENNETH J. HOPSON,                  :

    Defendant-Appellee.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-333590

---

*Appearances:*

James P. Reddy, Jr., *for appellant*.

Brent A. Cicero and Robert J. Sindyla, *for appellee*.

MARY EILEEN KILBANE, J.:

{¶ 1} Plaintiff-appellant Linda S. Hopson ("Linda") appeals from the trial court's judgment granting defendant-appellee Kenneth J. Hopson's ("Kenneth") motion to modify support. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} This is a post-decree divorce case. The parties were divorced pursuant to the judgment entry of divorce journalized on August 17, 2012. The court adopted the parties' shared parenting plan relating to their three minor children. The shared parenting plan designated Linda as the child support obligee and residential parent for school purposes, and Kenneth as the child support and health insurance obligor. Pursuant to the plan's parenting schedule, Kenneth was entitled to exercise several overnight visits per year with the children. With regards to the parties' income, the court found Heather's annual gross income to be $16,354 and Keith's annual gross income to be $73,656. The court ordered Keith to pay $1,600 per month as child support and $183.75 per month as cash medical support when health insurance was not provided. This amounted to approximately a $110 per month downward deviation from the actual annual child support obligation that the parties agreed upon in their shared parenting plan.

{¶ 3} On September 25, 2017, Kenneth filed a motion to modify child support and a motion to modify custody. The parties entered into an agreed judgment entry, journalized April 27, 2018, which modified their shared parenting plan and schedule and reduced Kenneth's child support obligation. Pursuant to the agreed judgment entry, Kenneth was entitled to exercise 83 overnight visits per year with the children. The court found a change in the parties' annual gross income, with Heather earning $25,376 per year and Kenneth earning $73,527 per year.

Kenneth remained the health insurance obligor and was ordered to pay $1,233 per month in child support.

{¶ 4} On June 3, 2019, Kenneth filed a motion to modify parental rights and responsibilities, a motion to modify child support, a motion to show cause, and a motion for attorney fees. On December 16, 2019, another agreed judgment entry was journalized, pursuant to which the children's visitation schedule was modified but Kenneth's child support obligation remained the same.

{¶ 5} On November 19, 2020, Kenneth filed a motion to modify child support based on his increased parenting time pursuant to the December 16, 2019 agreed judgment entry. Specifically, Kenneth argued that he was entitled to a deviation because the December 16, 2019 agreed judgment entry provided him with at least 182 overnight visits per year with two of the children, and 151 overnight visits per year with the third child.

{¶ 6} Almost one year later, the court held hearings on Kenneth's motions on October 6, 2021, and November 5, 2021. On November 19, 2021, the parties filed written closing arguments.

{¶ 7} In the magistrate's decision entered December 17, 2021, the magistrate made the following findings, in relevant part:

> When considering a deviation, the court must consider whether the actual annual obligation would be unjust or inappropriate and would not be in the best interest of the minor children using the factors set forth in ORC 3119.23. In this case, [Kenneth] argues that he is entitled to a deviation pursuant to ORC 3119.231.

New child support laws became effective March 28, 2019 which allowed for an automatic 10% reduction in child support if an obligor has more than ninety (90) overnights. Once the automatic 10% reduction has been applied, the court *may* consider additional deviations pursuant to the aforementioned statutes. It is unclear why in the December 2019 agreed judgment entry this automatic 10% adjustment was not applied to the child support obligation. At a very minimum, [Kenneth] would have been statutorily entitled to this 10% automatic adjustment due to the substantial increase in overnight parenting time following the December 16, 2019 agreed judgment entry.

Much of the hearing was spent attempting to persuade the undersigned magistrate that [Linda's] income is higher than reported on her pleadings and based on the way she handles her finances. Whether [Linda's] income is $25,000 or $30,000, the more significant factors for the court's consideration based on the evidence presented are as follows: [Kenneth's] increased income between 2017 and 2021, the fact that [Kenneth] purchased a house with someone who is employed full-time and sharing in all his living expenses and that a disparity of income remains between the parties and their respective households.

As to the deviation factors [Kenneth] is asking the court to consider, [Kenneth] testified to an increase in expenses such as food and utilities. He testified that he furnished rooms in his new home for the three minor children (desks, chairs, dressers, etc.). He testified that he purchased school supplies, clothing and sporting equipment for the minor children. He further testified that these expenses have increased since the new agreed parenting order went into effect due to the increase in overnights.

In her closing argument, [Linda] argued that [Kenneth's] motion should be denied pursuant to the doctrine of *res judicata* but the court finds this argument to be without merit pursuant to ORC 3119.79(A) which indicates that a recalculated amount that varies more than 10% from the existing amount shall be considered a substantial change in circumstance enough to warrant a modification by the court.

The court finds that based on the evidence presented, [Kenneth] is entitled to 1) the 10% automatic adjustment due to overnight parenting time; and 2) a further deviation due to his significant in-kind contributions for the minor children. The statute, however, does not provide the court with a formula to calculate this further deviation and as such, the court has the discretion to determine the deviation while

still considering the needs and circumstances of each party and their household and what is in the best interest of the minor children.

The court further finds that based on the evidence presented, [Linda's] annual gross income is $29,766.77 (income from her employment at St. Michael's and her self-employment generated income). The court further finds that based on the evidence presented, [Kenneth's] annual gross income is $82,687.00. This is an almost $10,000 increase from his 2017 annual gross income which is the last time [Kenneth's] child support order was modified. The court also finds that [Kenneth] continues to cover the health insurance for himself and the minor children at an annual cost of $4,772.56.

Based on these figures, the child support is calculated at $1,265.46 per month and $70.32 per month in cash medical support. This does NOT include the 10% automatic adjustment for overnight parenting time. With the 10% automatic adjustment, child support is calculated at $1,138.91 per month and $70.32 per month in cash medical support. The court further finds that based on [Kenneth's] substantial overnight parenting time and significant in-kind contributions, an additional downward deviation of $188.91 per month in child support is appropriate, reasonable, and in the best interest of the minor children. As [Kenneth] continues to cover the health insurance, the court also finds that a downward deviation of $70.32 per month in cash medical support is appropriate, reasonable, and in the best interest of the minor children.

{¶ 8} With respect to Kenneth's request that Linda pay his attorney fees, the court found that insufficient evidence was presented to support a fee award.

{¶ 9} On January 3, 2022, Linda filed timely objections to the magistrate's decision. On February 28, 2022, Kenneth filed a brief in opposition to Linda's objections. On April 7, 2022, the court overruled Linda's objections and adopted the magistrate's decision.

{¶ 10} Linda filed a timely notice of appeal. She raises the following assignments of error for our review:

I.  The trial court erred in not dismissing appellee's motion to modify child support and motion for attorney fees for failure to comply with Ohio Revised Code Section 3119.05(A) and Local Rule 19.

II.  The trial court erred in not dismissing appellee's motion to modify child support based upon res judicata.

III.  The trial court erred in application of Ohio Revised Code Sections 3119.22 and 3119.23.

IV.  The trial court erred in not awarding appellant additional tax exemptions.

**Legal Analysis**

**I. Standard of Review**

{¶ 11}  A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion.  *J.E.M. v. D.N.M.*, 8th Dist. Cuyahoga No. 109532, 2021-Ohio-67, ¶ 22, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989).  Therefore, we review a trial court's child support modification order for an abuse of discretion.  *Id.*, citing *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9.  An abuse of discretion occurs where the court's decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

**II. R.C. 3119.05(A) and Local Rule 19**

{¶ 12}  In Linda's first assignment of error, she argues that the trial court erred in not dismissing Kenneth's motion to modify child support and motion for

attorney fees for failure to comply with R.C. 3119.05(A) and Loc.R. 19. Specifically, Linda argues that Kenneth failed to submit verified documentation mandated by the Ohio Revised Code and the relevant local rules because he submitted only his 2020 income tax return.

{¶ 13} R.C. 3119.05(A) provides:

The parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, receipts and expense vouchers related to self-generated income, tax returns, and all supporting documentation and schedules for the tax returns.

Likewise, Subsection (E) of Loc.R. 19 of the Cuyahoga County Domestic Relations Court relating to a hearing on child support modification provides, in relevant part:

(1) At the hearing, each party must submit documents verifying his or her earnings and other income including their last four (4) paystubs; last year's federal income tax returns with all supporting W-2's, 1099's, schedules and other attachments; copies of existing administrative or court support orders; a Post-Decree Income and Expense Statement; a Health Insurance Affidavit; a completed Child Support Computation Worksheet; and, verification of the following: work-, employment-training-, or education-related child care expenses, marginal out-of-pocket costs necessary to provide child(ren's) health insurance, mandatory work-related deductions, and overtime, bonuses and commissions for the last three years. Other relevant documents may be submitted.

(2) Copies of all documents submitted to the Court must be exchanged with the opposing party or counsel, if represented, before hearing.

(3) Failure of a party to submit the required documents may result in sanctions, including, but not limited to, dismissal of his or her motion or an award of attorney fees.

{¶ 14} Our review of the record shows that Kenneth introduced his 2020 income tax return, as well as testimony and documentary evidence as to his income

and expenses. While the record does not reflect that Kenneth submitted documentary evidence of the numerous types described above in R.C. 3119.05(A) and Loc.R. 19, we note that "local rules are created with the purpose of 'promoting the fair administration of justice' and to 'assist practicing attorneys by providing guidelines for orderly case administration.'" *J.E.M.*, 8th Dist. Cuyahoga No. 109532, 2021-Ohio-67, at ¶ 39, quoting *Cavalry Invests. v. Dzilinski*, 8th Dist. Cuyahoga No. 88769, 2007-Ohio-3767, ¶ 16. Therefore, trial courts are given latitude in following their own local rules and the enforcement of these rules is in the sound discretion of the court. *Id.*, citing *In re T.W.*, 8th Dist. Cuyahoga Nos. 88360 and 88424, 2007-Ohio-1441, ¶ 39.

{¶ 15} Here, the magistrate denied Linda's oral motion to dismiss based on alleged violations of R.C. 3119.05 and Loc.R. 19. Likewise, the trial court was not persuaded by this argument when it overruled Linda's objections to the magistrate's decision. Based on our review of the record and the wide latitude trial courts are given in this area, we cannot conclude that the trial court abused its discretion by not dismissing Kenneth's motion to modify child support. Therefore, Linda's first assignment of error is overruled.

### III. Res Judicata

{¶ 16} In Linda's second assignment of error, she argues that the trial court erred by not dismissing Kenneth's motion to modify child support based on res judicata. Specifically, Linda argues that it was error for the court to consider Kenneth's November 19, 2020 motion to modify child support, in which his

arguments were partially based on a statutory change in child support law, when the statutory changes had been in effect at the time of Kenneth's previous motion to modify child support.

{¶ 17} As an initial matter, we reiterate the magistrate's statements regarding the 2019 change in the child support statute. R.C. 3119.231, effective March 28, 2019, provides:

> (A) If court-ordered parenting time exceeds ninety overnights per year, the court shall consider whether to grant a deviation pursuant to section 3119.22 of the Revised Code for the reason set forth in division (C) of section 3119.23 of the Revised Code. This deviation is in addition to any adjustments provided under division (A) of section 3119.051 of the Revised Code.
>
> (B) If court-ordered parenting time is equal to or exceeds one hundred forty-seven overnights per year, and the court does not grant a deviation under division (A) of this section, it shall specify in the order the facts that are the basis for the court's decision.

Pursuant to the December 16, 2019 agreed judgment entry, Kenneth was entitled to at least 182 overnight visits per year with two of the children, and 151 overnight visits per year with the third child. Therefore, R.C. 3119.231 required the court to consider a 10% deviation, and to specify in its order any facts supporting a decision not to grant such a deviation.

{¶ 18} The doctrine of res judicata provides that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). Res judicata further prevents "relitigation of issues already decided by a court or

matters that should have been brought as part of a previous action." *Lasko v. Gen. Motors Corp.*, 11th Dist. Trumbull No. 2002-T-0143, 2003-Ohio-4103, ¶ 16.

{¶ 19} This court has previously held that res judicata does not apply when considering a motion to modify child support when new evidence is presented. *Radford v. Radford*, 8th Dist. Cuyahoga Nos. 96267 and 96445, 2011-Ohio-6263, ¶ 23. Here, the record reflects that the court's decision was based on new evidence, including changes in income between 2017 and 2021, changes in Kenneth's living situation, and changes in expenses.

{¶ 20} Further, the application of res judicata is not mandatory in every case. *Smith v. Ohio Edison Co.*, 2015-Ohio-4540, 46 N.E.3d 1103, ¶ 9 (11th Dist.). Specifically, the "effect of res judicata has been held not to apply when fairness and justice would not support it." *AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. Am.*, 8th Dist. Cuyahoga No. 109632, 2021-Ohio-1190, ¶ 33, citing *State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311. In this case, we agree with the trial court that the magistrate's order remedied the failure of the previous order to include an adjustment in child support that was statutorily required due to an increase in Kenneth's overnight parenting time. "Compounding that error by turning a blind eye to it for the sake of saving face is not in the best interests of minor children." *Duczman v. Sorin*, 11th Dist. Lake No. 2017-L-126, 2018-Ohio-3442, ¶ 6.

{¶ 21} Because Kenneth's motion to modify child support was based on new evidence, and the court was required to grant at least a 10% deviation in light of

Kenneth's overnight visitation, the court properly declined to apply res judicata to bar Kenneth's motion to modify. Therefore, Linda's second assignment of error is overruled.

**IV. R.C. 3119.22 and 3119.23**

{¶ 22} In her third assignment of error, Linda argues that the trial court erred in its application of R.C. 3119.22 and 3119.23. Specifically, Linda argues that the court improperly deviated downward in its child support order based on its consideration of the statutorily enumerated factors. We disagree.

{¶ 23} R.C. 3119.22 provides, in relevant part, that the court

> may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet would be unjust or inappropriate and therefore not be in the best interest of the child.

R.C. 3119.23 lists the factors that the court may consider in determining whether to grant such a deviation, including but not limited to extended parenting time, the relative financial resources of the parties, and significant in-kind contributions from a parent.

{¶ 24} Linda's arguments in support of this assignment of error are based on her disagreement with the lower court's consideration of these statutory factors. Our review of the record shows that the court properly considered these factors and made relevant factual findings related to these factors in its judgment entry. Linda's

assertion that the court should have considered additional information, or weighed the statutory factors differently, is not persuasive. The court did not err in its application of R.C. 3119.22 and 3119.23. Nor can we conclude that the court somehow abused its discretion in its application of these sections of the Ohio Revised Code. Therefore, Linda's third assignment of error is overruled.

**V. Tax Exemptions**

{¶ 25} In her fourth and final assignment of error, Linda argues that the trial court erred in not awarding her additional tax exemptions. This argument is based on R.C. 3119.82, which provides, in relevant part:

> Except when including a revised amount of child support in a revised child support order as recommended pursuant to section 3119.63 of the Revised Code, whenever a court issues, or whenever a court modifies, reviews, or otherwise reconsiders a court child support order, or upon the request of any party, the court shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. If the parties agree on which parent should claim the children as dependents, the court shall designate that parent as the parent who may claim the children. If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children and, with respect to orders the court modifies, reviews, or reconsiders, the payments for child support are substantially current as ordered by the court for the year in which the children will be claimed as dependents.

The August 17, 2012 divorce decree awarded Linda the right to claim one of the children and Kenneth the right to claim the other two children. Nothing in the record indicates that in the intervening ten years since the issuance of the divorce

decree, the parents no longer agreed on this issue when Kenneth's motion to modify child support was pending.  Therefore, we cannot conclude that the court abused its discretion in keeping the parties' agreement in place.  Linda's fourth assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, A.J., and
EILEEN T. GALLAGHER, J., CONCUR