DECISION.
{¶ 1} Plaintiff-appellant the state of Ohio appeals the trial court's sentence imposing six days (two three-day sessions) in a driver's intervention program ("DIP") upon defendant-appellee Barbara Paulo for driving with a prohibited level of alcohol in her breath. Paulo has filed no brief. Because the governing statute requires a mandatory minimum of three days' incarceration, we vacate Paulo's sentence and remand for resentencing.
 I. The Conviction {¶ 2} In July 2005, Paulo was arrested and charged with (1) operating a vehicle under the influence of alcohol ("OVI")[1] and (2) the high-tier derivation of driving with prohibited levels of alcohol in her breath (high-tier OVI).[2] At trial, Paulo pleaded no-contest to, and was convicted of, the high-tier offense.[3] In exchange for her no-contest plea, the prosecution dismissed the other OVI charge.
 {¶ 3} The trial court initially sentenced Paulo, a first-time offender, to three days in DIP and three days in the Hamilton County Justice Center. But during sentencing, Paulo asked if she could spend six days in DIP in lieu of time in the justice center. The sentencing judge responded that "that [was] actually possible" and then modified the sentence to two sessions (six days) in DIP, with no time in the justice center.
 {¶ 4} The state presents on appeal a single assignment of error in which it challenges the modified sentence. The state argues that the trial court erred when it imposed two three-day sessions in DIP instead of six days' incarceration with up to three of those days replaceable with participation in DIP.
 II. The Law {¶ 5} The minimum statutory penalty for a first-time offender on the high-tier prohibited-alcohol-level offense is three days' incarceration and three days in a DIP, to be served consecutively.[4] If the offender refuses DIP treatment, or the court finds that the offender is not amenable to DIP treatment, the court must incarcerate the offender for a minimum of six consecutive days.[5]
 {¶ 6} Under the code, this incarceration must occur in a "county, multi-county, municipal, municipal-county, or multicounty-municipal jail or workhouse."[6] That definition does not allow placement in DIP.
 {¶ 7} A trial court may not disregard the mandatory sentencing provisions contained in the Revised Code. When sentencing a first-time offender for the high-tier prohibited-alcohol-level offense, a trial court exceeds its authority when it (1) suspends the three days' incarceration (or the six-day sentence, if the offender does not attend DIP), (2) provides treatment in lieu of the mandatory days, or (3) orders work release during the mandatory three- or six-day period of incarceration.[7] When a trial court disregards the sentencing requirements, the attempted sentence is a legal nullity.[8]
 {¶ 8} The legislature has curtailed judicial discretion in sentencing high-tier operating-under-the-influence offenders. The provision contained in R.C. 4511.19(G)(1)(a)(ii) for three days' confinement in DIP in lieu of incarceration is not an available substitute for the mandatory minimum of three days' incarceration to which first-time, high-tier OVI offenders must be sentenced. Consequently when a trial court substitutes DIP for the mandatory three days' incarceration,[9] it has committed reversible error.
 {¶ 9} The trial court erred when it sentenced Paulo to DIP in lieu of the mandatory three-day period of incarceration. We, therefore, vacate the sentence and remand for resentencing in accordance with the law and this decision.
Sentence vacated and cause remanded.
HILDEBRANDT, P.J., and DOAN J., concur.
[1] R.C. 4511.19(A)(1)(a).
[2] R.C. 4511.19(A)(1)(h).
[3] See R.C. 4511.19(A)(1)(f) through (i).
[4] R.C. 4511.19(G)(1)(a)(ii).
[5] See id.
[6] R.C. 1.05(A).
[7] Id. See, also, Painter, Ohio Driving Under the Influence Law (2006), Section 12.18, 290.
[8] State v. Beasley (1984), 14 Ohio St.3d 74, 75,371 N.E.2d 774.
[9] R.C. 4511.19(G)(1)(a)(ii).