OPINION.
{¶ 1} This case presents an issue of first impression: under what circumstances may a trial court impose an alternative sentence for a multiple OVI offender under R.C. 4511.19(G)(3)?
 Facts {¶ 2} Defendant-appellee Aaron Beatty pleaded guilty to operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(d). This was Beatty's second such violation within six years, and therefore he faced a mandatory sentence of ten days' incarceration. See R.C.4511.19(G)(1)(b)(i). On August 18, 2005, the trial court sentenced Beatty to five days' incarceration and eighteen days' house arrest with electronic monitoring ("HAEM") under the alternative sentencing provision set forth in R.C. 4511.19(G)(3). The city did not object. The next day, the court journalized a nunc pro tunc entry that "[t]he jail is overcrowded and it appears that it will remain such for 60 days or more."
 {¶ 3} Beatty began serving the HAEM portion of his sentence. Nevertheless, on August 26, 2005, over defense counsel's objection, the trial court conducted a hearing on a motion by the city captioned "motion to reconsider sentence." Following the hearing, the trial court journalized an order denying the city's motion. It then entered another order "nunc pro tunc," stating "[t]his court finds that due to the unavailability of space at the jail where the defendant is required to serve the term, the defendant will not be able to begin serving that term within the sixty day period following the date of sentencing `nunc pro tunc' to 8/18/05." The trial court stayed the balance of Beatty's sentence pending appeal.
 {¶ 4} In one assignment of error, the city now argues that the trial court erred in sentencing Beatty because it failed to follow the dictates of R.C. 4511.19(G)(3). We agree, though for reasons other than those asserted by the city.
 {¶ 5} Before reaching the merits of this issue, we note that the city's "motion to reconsider sentence" and the hearing on this motion were legal nullities. Cf. Pitts v. Ohio Dept. ofTransportation (1981), 67 Ohio St.2d 378, 380, 423 N.E.2d 1105; see, also, Cleveland Heights v. Richardson (1983),9 Ohio App.3d 152, 153-154, 458 N.E.2d 901. There is no provision in the criminal rules or elsewhere that allows the prosecution to move for reconsideration of a sentence.[1] See id. We therefore limit our analysis solely to the record properly before us.
 Standard of Review {¶ 6} As to the merits of the issue presented, the city's failure to object when the trial court announced Beatty's sentence mandates that we apply a plain-error standard of review. The standard for plain error is whether, but for the error, the outcome of the proceeding clearly would have been otherwise. SeeState v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804. Notice of plain error is to be taken with the utmost of caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. Id. at paragraph three of the syllabus.
 {¶ 7} In pertinent part, R.C. 4511.19(G)(3) provides, "If an offender is sentenced to a jail term under division (G)(1)(b)(i) or (ii) or (G)(1)(c)(i) or (ii)[2] of this section and if, within sixty days of sentencing of the offender, the court issues a written finding on the record that, due to the unavailability of space at the jail where the offender is required to serve the term, the offender will not be able to begin serving that term within the sixty-day period following the date of sentencing, the court may impose an alternative sentence under this division that includes a term of house arrest with electronic monitoring, with continuous alcohol monitoring, or with both electronic monitoring and continuous alcohol monitoring."
 {¶ 8} There is no case law interpreting R.C. 4511.19(G)(3). But "[i]t is well-established that in matters of statutory interpretation, a court's chief concern is to give effect to the intent of the legislature." Akron Mgmt. Corp. v. Zaino,94 Ohio St.3d 101, 103, 2002-Ohio-63, 760 N.E.2d 405, citing Christe v.GMS Mgt. Co., Inc. (2000), 88 Ohio St.3d 376, 377,726 N.E.2d 497. This compels the court to look to the plain language of the statute and to discern its purpose. Id.; see, also, State exrel. Van Dyke v. Public Employment Retirement Bd.,99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438.
 Beatty's Sentence {¶ 9} From the plain language of the statute, we find two problems with Beatty's sentence: (1) the trial court did not initially sentence Beatty to a mandatory term of incarceration; and (2) the trial court failed to make a proper written finding on the record concerning the availability of jail space before it sentenced Beatty.
 {¶ 10} "A trial court may not disregard the mandatory sentencing provisions contained in the revised code." State v.Paulo, 1st Dist. No. C-050725, 2006-Ohio-4035, at ¶ 7. A sentence imposed under R.C. 4511.19(G)(3) is truly an "alternative" sentence; it is not to be used as a sentence of first resort, as happened in this case. In other words, a trial court must first sentence the defendant to the mandatory term of incarceration set forth in the provisions referred to R.C.4511.19(G)(3). We note that nothing in the statute precludes a trial court from making the required finding and imposing the alternative sentence immediately following imposition of a mandatory term. Or the trial court may stay execution of the sentence for up to sixty days from the date the date it imposes a mandatory term before making the finding necessary to impose an alternative sentence. Here, the court did not follow the dictates of R.C. 4511.19(G)(3) because it failed to sentence Beatty to the ten-day mandatory term of incarceration. Therefore, Beatty's sentence is contrary to law.
 {¶ 11} We also hold that the sentence is contrary to law because the trial court failed to make a written finding on the record before sentencing Beatty to the alternative sentence of five days' incarceration and 18 days' HAEM. The court's "nunc pro tunc" finding did not retroactively satisfy R.C. 4511.19(G)(3). The purpose of a nunc pro tunc entry is to memorialize what actually occurred at an earlier date. State v. Hodges (June 22, 2001), 1st Dist. No. C-990516. It is essentially clerical in nature and cannot be used to make the record reflect that the court did something when it did not. Id. In this case, the trial court did not make the requisite finding before imposing sentence, and therefore the nunc pro tunc entry did not act to make Beatty's sentence comport with law.
 Necessity for a Hearing {¶ 12} The city next argues that a trial court must conduct a separate hearing on the issue of the availability of jail space before making a finding under R.C. 4511.19(G)(3). We do not read the statute to specifically require this, although before imposing an alternative sentence, the trial court must conduct a hearing in the same manner required anytime a court modifies a defendant's sentence. Crim.R. 43(A); State v. Welch (1978),53 Ohio St.2d 47, 48, 372 N.E.2d 346; State v. Carpenter (Oct. 9, 1996), 1st Dist. No. C-950889. We defer to the discretion of the trial court to determine whether to conduct a separate hearing on the issue of the availability of jail space, or whether to dispose of the issue at the time the court elects to impose, or not to impose, an alternative sentence. The court's finding must be supported by the record in some meaningful way, whether through information known to the court through objective data, an affidavit or sworn testimony from an individual with firsthand knowledge of the jail census, or through other reliable means.[3] Cf. R.C. 2953.08(G)(2)(a) (sentencing findings must be supported by the record).
 {¶ 13} In sum, we sustain the city's assignment of error, vacate Beatty's sentence, and remand this cause for further proceedings.
Sentence vacated and cause remanded.
Sundermann and Hendon, JJ., concur.
[1] Under R.C. 2929.26, a trial court may, under limited circumstances, modify a defendant's sentence after execution. This code section does not apply to the mandatory terms set forth in R.C. 4511.19.
[2] These subsections set forth various mandatory jail terms for multiple OVI offenders.
[3] Although it is an issue for another day, we question whether a trial court will ever be able to support a finding under R.C. 4511.19(G)(3). According to testimony adduced at the state's motion to reconsider the sentence, it is the policy of the Hamilton County Justice Center to accept a defendant sentenced to a mandatory term of incarceration even if this would mean the early release of an inmate serving a non-mandatory sentence.