DECISION. *Page 2 
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the sentence imposed by the Hamilton County Municipal Court upon defendant-appellee, Barbara Paulo, following this court's decision inState v. Paulo ("Paulo I ").[1]
 {¶ 2} The state raises two assignments of error for our review. In its first assignment of error, the state argues that the trial court erred in imposing a sentence of six days in a driver's intervention program ("DIP"). In its second assignment of error, the state argues the trial court erred by failing to follow the mandate of this court in PauloI. Because these assignments of error are interrelated, we consider them together.
 {¶ 3} In Paulo I, we held that the trial court had erred in sentencing Paulo, a high-tier offender for operating a motor vehicle under the influence ("OVI"), to six days (two three-day sessions) in DIP.[2] We concluded that the sentencing provisions in R.C. 4511.19(G)(1)(a)(ii) did not permit three days' confinement in DIP as a substitute for the mandatory minimum of three days' incarceration required for high-tier OVI offenders like Paulo.[3] Consequently, we vacated Paulo's sentence and remanded her case to the trial court for resentencing in accordance with our decision.[4]
 {¶ 4} Following our remand, the trial court refused to impose a three-day jail term on Paulo, crediting her instead with time served in DIP and terminating her probation. At the resentencing hearing, the trial court stated that its decision *Page 3 
was based on its disagreement with this court's decision in PauloI. The trial court stated that because this court had only "heard one side and did not hear any opposing legal research and opinions[,] * * * [it] did not believe [this court] * * *[had] consider[ed] * * * all of the controlling statutes that pertain to DUI and other Ohio opinions, and [it had] not considered] the [relevant] factors." The trial court further stated that "if [this court] would have considered these factors, it would have "decided [Paulo's case] differently."
 {¶ 5} We are troubled by the trial court's decision in this case. Following our remand, the trial court directly stated that we had committed an error and that it was not going to follow our decision. The effect of the trial court's decision was to override our prior determination that Paulo was required to serve a three-day term of incarceration.
 {¶ 6} The trial court was bound by our holding in Paulo I under the "law of the case" doctrine. The law of the case requires that a decision of law made in a particular case be respected by all other lower or equal courts during the pendency of that case.[5] The doctrine is premised upon the desirability of avoiding the relitigation of an issue that has already been litigated and decided.[6] The doctrine provides that "a lower court must `follow the mandate, whether correct or incorrect, of the court of appeals.'"[7] To the extent that Paulo herself *Page 4 
challenges our prior decision in Paulo I, based upon the analysis employed by the trial court, her arguments are likewise without merit under the law of the case.[8]
 {¶ 7} We, therefore, vacate the sentence imposed by the trial court and remand this case for resentencing. Pursuant to the law of the case, the trial court is instructed to sentence Paulo to three days' incarceration.
Sentence vacated and cause remanded.
HENDON and CUNNINGHAM, JJ., concur.
[1] 1st Dist. No. C-050725, 2006-Ohio-4035.
[2] Id. at ¶ 8.
[3] Id.
[4] Id. at ¶ 9.
[5] Nolan v. Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.").
[6] Id. at 3.
[7] State ex rel. Sharif v. McDonnell, 91 Ohio St.3d 46, 48,2001-Ohio-240, 741 N.E.2d 127, quoting State ex rel. Potain v.Mathews (1979), 59 Ohio St.2d 29, 32, 391 N.E.2d 343.
[8] See, e.g., In re Mangus (Mar. 26, 2001), 5th Dist. No. 2000-CA-00217. *Page 1