DECISION. *Page 2 
{¶ 1} Defendant-appellee Aaron Beatty pleaded guilty to operating a motor vehicle while under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(d). The OVI conviction was Beatty's second within six years, and, therefore, he faced a mandatory sentence of ten days' incarceration under R.C. 4511.19(G)(1)(b)(i). On August 18, 2005, the trial court sentenced Beatty to five days' incarceration and eighteen days' house arrest with electronic monitoring ("HAEM") under the R.C.4511.19(G)(3) alternative sentencing provision. Plaintiff-appellant the city of Cincinnati did not object. (We refer to the city as the appellant, instead of the state of Ohio as noted in the caption, because the case was prosecuted by the city.) The following day, the trial court journalized a nunc pro tunc entry stating that "the jail is overcrowded and it appears that it will remain such for 60 days or more." Beatty began serving the HAEM portion of his sentence.
 {¶ 2} The city filed a "motion to reconsider sentence." Over defense counsel's objection, on August 26, 2005, the trial court held a hearing on the city's motion. At the hearing, the city presented evidence that it was the policy of the Hamilton County Justice Center ("Justice Center") to accept a defendant sentenced to mandatory incarceration even if it meant the early release of an inmate serving a non-mandatory sentence. The court called and questioned its own witnesses to show that the municipal court judges had entered an order allowing the Hamilton County Sheriff to reduce inmate sentences and had also journalized an "emergency jail mitigation entry" to consider reduction of non-mandatory *Page 3 
sentences when the jail was facing an inmate population of over 2000. The court's last witness essentially testified that the jail had an overcrowding issue. None of the witnesses testified that no jail space was available for the 60 days following August 18, 2005.
 {¶ 3} At the close of the hearing, the trial court stated that its policy was to order that the mandatory ten days be served at Talbert House and not at the Justice Center. The court went on to say that "because the defendant indicated on the record that he was a single parent, and that if he served this 10 days, that he could be fired from his job and that sounded like a hardship and I thought that matter was entitled to be considered by the court, to give us the discretion, that power, to use the alternative sentencing of 5 days in the jail and 18 days of home incarceration." The court denied the city's motion. The court journalized an order, nunc pro tunc to August 18, 2005, that stated that "this court finds that due to the unavailability of space at the jail where the defendant is required to serve the term, the defendant will not be able to begin serving that term within the sixty-day period following the date of sentencing." The court stayed the balance of Beatty's sentence pending the city's appeal.
 {¶ 4} We vacated the trial court's sentence and remanded the case for further proceedings in State v. Beatty ("Beatty I ").[1] We held inBeatty I that the trial court had erred in sentencing Beatty to five days' incarceration and eighteen days' HAEM because it had not first imposed the mandatory ten-day sentence, and because the court had not made an appropriate written finding concerning a lack of jail space. We also held that the trial court's use of a nunc pro tunc entry *Page 4 
to make the requisite written finding was improper. We stated that the city's motion to reconsider the sentence and the hearing on the motion were "legal nullities" because there was no provision allowing the prosecution to move for reconsideration of a sentence. We concluded that the finding of unavailability of jail space "must be supported by the record in some meaningful way, whether through testimony from an individual with firsthand knowledge of the jail census, or through other reliable means." We questioned in a footnote whether the trial court would ever be able to make the requisite finding of unavailability of jail space because the testimony adduced at the hearing showed that it was the policy of the Justice Center to accept an inmate serving a mandatory sentence even if it resulted in the early release of an inmate serving a non-mandatory sentence.
 {¶ 5} On October 18, 2006, the trial court, pursuant to our remand, held a resentencing hearing. The court sentenced Beatty to 180 days' incarceration and suspended 170 days. The court then stated that instead of imposing the ten days, it was making a finding that the jail was overcrowded and imposing five days' incarceration at Talbert House and eighteen days' HAEM. In making its determination that the jail was overcrowded, the trial court specifically incorporated into the record the hearing of August 26, 2005. The court stated that it was basing the finding that the jail was overcrowded on an August 11, 2006, memorandum that stated that the sheriff had been deferring sentences, including mandatory OVI sentences, because of jail overcrowding. The record does not contain a copy of the memorandum. The court further relied on a 1990 agreement between the sheriff and the municipal court judges that gave the sheriff the authority to refuse to admit inmates due to jail overcrowding. The *Page 5 
agreement is not in the record. The trial court also noted that it had "spoken to people at the jail" and that the sheriff was "sending 400 people to Butler County because the jail is so overcrowded and DUIs are being deferred to the future at this time." The court stated that jail space would not be available within 60 days because the holiday season was approaching and because, based upon the court's 20 years of experience, OVIs increased during December and January. The city did not object. The city has appealed, raising one assignment of error for our review.
 {¶ 6} The city's sole assignment of error alleges that the trial court erred in finding that jail space was unavailable and in imposing an alternative sentence under R.C. 4511.19(G)(3).
 {¶ 7} Under R.C. 4511.19(G)(1)(b)(i), a second OVI conviction within six years results in a mandatory sentence of ten days' incarceration. R.C. 4511.19(G)(3) permits the trial court to impose an alternative sentence of five days' incarceration and not less than eighteen days' HAEM if the court makes a written finding that, due to the unavailability of jail space, the offender will not be able to begin serving his sentence within the 60-day period following the date of sentencing. We held in Beatty I that the finding must be supported by the record.
 {¶ 8} In making its finding that jail space was unavailable in this case, the trial court relied on the August 26, 2005, hearing on the city's original motion. We noted in Beatty I that the evidence adduced at that hearing did not support a determination that jail space was unavailable, because the testimony showed that the Justice Center policy was to accept inmates serving mandatory jail terms even *Page 6 
if an inmate serving a non-mandatory jail term had to be released. Further, the hearing took place in 2005 and did not include evidence as to the availability of jail space in October of 2006, when Beatty was resentenced. In addition, at the August 2005 hearing, the court specifically stated that it was taking into consideration that a ten-day term of incarceration would be a "hardship" on Beatty because he was a "single parent." Every jail term is a hardship to the inmate serving the sentence. "Hardship" on the defendant has nothing to do with the availability of jail space and is clearly an improper consideration under R.C. 4511.19(G)(3).
 {¶ 9} In making its determination in this case, the trial court further stated that it was also relying on a memorandum, dated August 11, 2006, that, according to the trial court, indicated that the sheriff was deferring sentences. The memorandum is not in the record. We note that the fact that the sheriff may have been deferring some sentences in August of 2006 did not necessarily mean that jail space was unavailable during the 60-day period following October 18, 2006. The court also cited the 1990 agreement allowing the sheriff to refuse to admit inmates due to overcrowding. The agreement is not in the record. We fail to see how the existence of the agreement was relevant to the question whether jail space was unavailable for 60 days after October 18, 2006.
 {¶ 10} The trial court stated that it had "spoke[n] to people at the jail" and noted that the sheriff was sending inmates to Butler County and was deferring OVI sentences. There is no indication in the record as to how long the OVI sentences were being deferred or whether Beatty's sentence would have had to have been deferred past the 60-day limit. The court also relied on its "20 years of *Page 7 
experience" in noting that OVIs increased around the holidays in December and January. Beatty's sentence was imposed on October 18, 2006. The fact that OVIs may have increased "around the holidays" did not support any finding as to jail-space availability during the time between October 18 and "the holidays."
 {¶ 11} In short, the record transmitted to us does not support the trial court's finding that the jail was "overcrowded" or that jail space was unavailable for the 60-day period following Beatty's sentencing. Therefore, Beatty's alternative sentence was contrary to law. We point out that the trial court "may not disregard the mandatory sentencing provisions contained in the revised code."[2] Further, the trial court is required to follow the mandate of this court.[3]
 {¶ 12} The assignment of error is sustained. The sentence imposed by the trial court is vacated, and the case is remanded for resentencing. Because the record does not support the imposition of an alternative sentence under R.C. 4511.19(G)(3), the trial court is instructed to impose the ten-day sentence mandated by R.C. 4511.19(G)(1)(b)(i).
Sentence vacated and cause remanded.
HILDEBRANDT, P.J., and HENDON, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] 1st Dist. No. C-050706, 2006-Ohio-4904.
[2] See id., citing State v. Paulo, 1st Dist. No. C-050725,2006-Ohio-4035, at ¶ 7 ("Paulo I").
[3] See State v. Paulo, 1st Dist. No. C-060969, 2007-Ohio-4316
("Paulo II"), citing State ex rel. Sharif v. McDonnell,91 Ohio St.3d 46, 2001-Ohio-240, 741 N.E.2d 127, quoting State ex rel. Potain v.Mathews (1979), 59 Ohio St.2d 29, 391 N.E.2d 343. *Page 1