[Cite as *Pfalzgraph v. Miley*, 2019-Ohio-4920.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

GEORGE AND MARJORIE PFALZGRAF,

Plaintiffs-Appellants,

v.

JEFF MILEY DBA MILEY GAS COMPANY ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MO 0006

---

**Civil** Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2018-501

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Reversed/Remanded.

---

*Atty. Ethan Vessels*, Fields, Dehmlow & Vessels, 309 Second Street, Marietta, Ohio 45750, for Plaintiffs-Appellants, and

*Atty. William Taylor, Atty. Scott Eickelberger, Atty. David Tarbert, Atty. Ryan Linn*, Kincaid, Taylor & Geyer, 50 North Fourth Street, P.O. Box 1030, Zanesville, Ohio 43702-1030, for Defendants-Appellees.

Dated:
November 15, 2019

**DONOFRIO, J.**

{¶1}   Plaintiff-appellant, George Pfalzgraf, appeals from a Monroe County Common Pleas Court judgment granting defendants-appellees', Jeff Miley, DBA Miley Gas Company and Antero Resources Corporation, motion to dismiss his complaint.

{¶2}   In 2013, appellant filed a previous suit seeking a declaration that appellees' oil and gas lease had terminated.  The trial court evaluated the subject well's production figures from 2011 to 2014, and found that the lease should be cancelled due to a lack of production in paying quantities.  Appellees appealed.  This Court reversed in July 2018, holding that the trial court erred in finding that the well was not producing in paying quantities.  *Pfalzgraf v Miley,* 7th Dist. Monroe Nos. 16 MO 0005, 16 MO 0006, 2018-Ohio-2828, ¶ 45.  We reversed and entered judgment in favor of appellees.

{¶3}   On December 21, 2018, appellant brought the current action against appellees for a declaration of termination of the lease on the grounds that the subject well had not been maintained since December 2015, and had not produced in paying quantities in 2015, 2016, 2017, and 2018.  Appellees filed Civ.R. 12(B)(6) motions to dismiss the case, claiming that appellant's claims for relief were barred as a matter of law pursuant to the doctrine of res judicata*,* given the previous litigation between the parties concerning the same well.

{¶4}   The trial court granted appellees' motions and dismissed the case.   The court reasoned that the allegations were clearly linked to the prior case and, therefore, res judicata barred appellant from asserting his claims for relief.

{¶5}   Appellant filed a timely notice of appeal on March 11, 2019.  He now raises one assignment of error.

{¶6}   Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN DISMISSING THE CASE BASED ON THE APPLICATION OF *RES JUDICATA.*

{¶7}  Appellant argues that res judicata is an affirmative defense to a preceding pleading under Civ.R. 8(C).  He contends that res judicata is not a basis for a Civ.R. 12(B)(6) motion.  Appellant further asserts that the Ohio Supreme Court has previously held that the defense of res judicata may not be raised by a motion to dismiss under Civ.R. 12(B), pointing to *State ex rel. Freeman v. Morris*, 62 Ohio St. 3d 107, 109, 579 N.E.2d 702 (1991).

{¶8}  Pursuant to the doctrine of res judicata, a valid, final judgment on the merits bars any subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the first action. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), syllabus.  Appellant contends that the current litigation concerns a different four-year period of time for the well's production than the previous litigation.  Therefore, appellant asserts there is no common basis of facts between the previous litigation and the present litigation that would trigger res judicata.

{¶9}  The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate.  *Ferreri v. The Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 639, 756 N.E.2d 712 (8th Dist.2001).

{¶10} A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992).  In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). Importantly, the trial court may look only to the complaint to determine whether the allegations included within it are legally sufficient to state a claim.  *Hanson,* 65 Ohio St.3d at 548.

{¶11} Civ.R. 8(C) provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively * * * res judicata, * * * and any other matter constituting an avoidance or affirmative defense." Civ.R. 8(C).  Further, affirmative defenses other than those listed in Civ.R. 12(B) are waived if not raised in a responsive pleading, pursuant to Civ.R. 8(C),

or in an amendment to the pleadings under Civ.R. 15. *Jim's Steakhouse, Inc. v. Cleveland*, 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998). Res judicata is not one of the defenses enumerated in Civ.R. 12(B): it must be pled in the answer or it is waived. *Calin v. Nemes*, 7th Dist. Mahoning No. 11 MA 12, 2012-Ohio-1409, ¶ 12.

{¶12} "[T]he defense of res judicata may not be raised by motion to dismiss under Civ.R. 12(B)." *State ex rel. Freeman v. Morris*, 62 Ohio St.3d 107, 109, 579 N.E.2d 702 (1991). The resolution of a res judicata defense usually requires resort to materials outside the pleadings. *State ex rel. W. v. McDonnell*, 139 Ohio St.3d 115, 2014-Ohio-1562, 9 N.E.3d 1025, ¶ 16. And as stated above, the court may only look to the complaint when ruling on a Civ.R. 12(B)(6) motion. *Hanson,* 65 Ohio St.3d at 548.

{¶13} In short, a motion to dismiss is a procedural tool which tests the sufficiency of the complaint, not the sufficiency of the evidence. Tests of the sufficiency of the evidence are handled utilizing motions for summary judgment under Civ.R. 56. It is permissible for a trial court to convert the Civ.R. 12(B)(6) motion to a motion for summary judgment, but it must do so using the parameters established by Civ.R. 56. Further, as this court has previously held, "where the motion to dismiss, which relies on evidence outside of the complaint, is granted without conversion and notification, the dismissal is reversible." *Scardina v. Ghannam*, 7th Dist. Mahoning No. 04-MA-81, 2005-Ohio-3315, at ¶ 18.

{¶14} In the trial court's judgment entry, it set out the rules regarding motions to dismiss. It then proceeded to a res judicata analysis. The trial court compared the complaint in this case with the facts of the previous case. Because a Civ.R. 12(B)(6) motion only tests the sufficiency of the complaint itself, by comparing the facts of the present case with the facts of the previous case the trial court went outside the pleadings. This was in opposition to what a Civ.R. 12(B)(6) motion allows. Moreover, as the Ohio Supreme Court has held, a party may not raise res judicata in a Civ.R. 12(B) motion to dismiss. *Freeman,* 62 Ohio St.3d at 109. Therefore, the trial court erred in granting appellees' motions to dismiss the complaint.

{¶15} Accordingly, appellant's sole assignment of error has merit and is sustained.

{¶16} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant's complaint is reinstated and the matter is remanded for further proceedings pursuant to law and consistent with this opinion.


Waite, P. J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is reversed.  We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**