[Cite as *In re J.D.*, 2026-Ohio-1310.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: J.D. | : | APPEAL NO. C-250372 |
| | | TRIAL NO. MI2018000625 |
| | : | |
| | : | *JUDGMENT ENTRY* |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/10/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *In re J.D.*, 2026-Ohio-1310.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| IN RE: J.D. | : | APPEAL NO. | C-250372 |
| | | TRIAL NO. | MI2018000625 |
| | : | | |
| | : | *O P I N I O N* | |

Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 10, 2026

*Faulkner & Tepe, LLP*, and *A. Norman Aubin*, for Appellee Hamilton County Mental Health and Recovery Services Board,

*J.D.*, pro se.

**Bock, Judge.**

{¶1} In this appeal, appellant J.D. challenges the probate court's decision to deny his motion to expunge the records of his involuntary-commitment case. But the probate court lacked the statutory authority to expunge J.D.'s involuntary-commitment records. Moreover, this court has already ruled that the probate court lacked inherent authority to expunge those records.

{¶2} Therefore, we overrule the assignment of error and affirm the probate court's judgment.

## I. *Factual and Procedural History*

{¶3} In March 2018, the Hamilton County Common Pleas Court found J.D. incompetent to stand trial and ordered treatment at Summit Behavioral Healthcare ("Summit"), a local mental-health facility, to restore his competence under R.C. 2945.38. On August 14, 2018, the trial court found that treatment was unlikely to restore his competence, dismissed the State's charges against J.D., initiated "the procedures set forth in [R.C.] 2945.38(H)(4)," and ordered that J.D. be transported to Summit until the probate court accepted jurisdiction.

{¶4} That same day, the trial court filed a mental-health affidavit in the probate court. The probate court issued a temporary order committing J.D. to Summit. After a hearing on August 17, 2018, the probate court involuntarily committed J.D. to Summit. In January 2019, J.D. consented to treatment and the probate court dismissed J.D.'s involuntary-commitment case.

{¶5} In 2022, J.D. asked the probate court to expunge the records of his 2018 involuntary-commitment case, along with records of a different involuntary-commitment case. After the probate court denied both motions without a hearing, J.D. appealed. On appeal, we affirmed those judgments "because his mental health

proceedings and commitments are already sealed by statute, R.C. 5122.31, and there is no mechanism for expunging these records under the circumstances at hand." *See In re J.D.,* Nos. C-220382 and C-220383 (1st Dist. Aug. 7, 2023) ("*In re J.D. I*"). We also rejected J.D.'s argument that the probate court had inherent authority to seal his records under *Pepper Pike v. Doe,* 66 Ohio St.2d 374 (1981). *Id.*

{¶6} In 2023, J.D. filed a second motion to expunge the record of his 2018 involuntary-commitment case. Once again, the probate court denied his motion. We ultimately dismissed J.D.'s appeal because J.D. misidentified the involuntary-commitment case number in his notice of appeal. *See In re J.D.,* 2024 Ohio App. LEXIS 1419, *2 (1st Dist. Apr. 19, 2024) ("*In re J.D. II*").

{¶7} In May 2025, J.D. again moved to expunge the records of his 2018 involuntary-commitment case, arguing that "the time frame of emergency admission was not processed in a time frame" required by R.C. 5144.121. J.D. explained that the records of his dismissed criminal charges were expunged, and his involuntary-commitment records affected his job prospects. The trial court denied his motion without a hearing, and J.D. now appeals.

## II. Analysis

{¶8} In a single assignment of error, J.D. argues that the probate court should have granted his most recent motion to expunge his involuntary-commitment records. He asserts that his records were eligible for expungement under R.C. 5122.141 and 2953.32, and the probate court's inherent authority to expunge records.

{¶9} The probate court rejected J.D.'s expungement motion based on this court's decision in *In re J.D. I.* Appellee the Hamilton County Mental Health and Recovery Services Board argues that the probate court correctly recognized that this court previously rejected the precise arguments that J.D. raises in this case.

4

**A.  Law-of-the-case doctrine governs J.D.'s inherent-authority argument**

{¶10}   Under the law-of-the-case doctrine, "'"[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels."'" *Giancola v. Azem*, 2018-Ohio-1694, ¶ 14, quoting *Hopkins v. Dyer,* 2004-Ohio-6769, ¶ 15, quoting *Nolan v. Nolan,* 11 Ohio St.3d 1, 3 (1984). The law-of-the-case doctrine is meant to avoid relitigating issues that have been litigated and decided. *State v. Paulo*, 2007-Ohio-4316, ¶ 6 (1st Dist.). The law-of-the-case doctrine is "a rule of practice rather than a binding rule of substantive law [] and we will not apply it to achieve unjust results." *Farmers State Bank v. Sponaugle*, 2019-Ohio-2518, ¶ 22.

{¶11}   In *In re J.D. I*, we rejected J.D.'s argument that the probate court could exercise its inherent authority and expunge his involuntary-commitment records under *Pepper Pike,* 66 Ohio St.2d 374. So, under the law-of-the-case doctrine, the probate court properly rejected J.D.'s most recent request to expunge his involuntary-commitment records under its alleged inherent authority.

**B.  J.D.'s statutory arguments fail**

{¶12}   J.D. asserts that R.C. 5122.141 required his involuntary-commitment records to be expunged. Further, he maintains that R.C. 2953.32(B)(1)(a)(i) makes these records eligible for expungement.

{¶13}   In *In re J.D. I,* we concluded that neither R.C. 5122.141(B) nor (C) applied because J.D. did not raise arguments under those statutory provisions. Further, we did not consider whether R.C. 2953.32(B)(1)(a)(i) applied, presumably because J.D. did not present any argument under that statute. The law-of-the-case

doctrine does not apply to J.D.'s statutory arguments, so we examine the merits of those arguments.[1]

### 1. *J.D.'s records were not eligible for expungement under R.C. 5122.141*

**{¶14}** J.D. argues that R.C. 5122.141 required the probate court to hold a hearing within five days of his December 2017 arrest and, because his July 2018 competency hearing occurred more than seven months later, the statute dictates that his involuntary-commitment records must be expunged.

**{¶15}** The procedures for determining whether a person is competent to stand trial are separate and distinct from the procedures for determining whether a person is "mentally ill" and subject to involuntary commitment. *In re Burton*, 11 Ohio St.3d 147, 151 (1984). When the trial court found that there was not a substantial probability that J.D.'s competency could be restored, R.C. 2945.38(H)(4) required the trial court to dismiss J.D.'s criminal charges. A dismissal is the "[t]ermination of an action or claim without further hearing, esp. before trial of the issues involved." *Black's Law*

---

[1] Generally, a final judgment prevents parties from litigating an issue that was raised and decided in a prior proceeding, or that could have been raised, under the doctrine of res judicata. *See AJ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.,* 2023-Ohio-3097, ¶ 15. Ohio courts have held that "applications for expungement are subject to the doctrine of res judicata." *In re Sealing of the Record of Brown*, 2008-Ohio-4105, ¶ 10 (10th Dist.). The Hamilton County Mental Health and Recovery Services Board did not argue that res judicata applied below or on appeal. Res judicata, like other arguments, can be forfeited. *See State v. Ofori*, 2023-Ohio-1460, ¶ 11 (1st Dist.); *see also Hillman v. Edwards,* 2011-Ohio-2677, ¶ 18 (10th Dist.). And the propriety of raising res judicata sua sponte is questionable. The Ohio Supreme Court has held a court of appeals "improperly ruled on the question of res judicata, because the trial court did not decide that question in a final, appealable order." *Lycan v. City of Cleveland*, 2016-Ohio-422, ¶ 22. We generally refrain from raising issues sua sponte because, as a court of appeals, "'we preside as arbiters of the legal questions presented and argued by the parties.'" *Kelley v. Horton*, 2025-Ohio-5252, ¶ 24 (1st Dist.), quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 19. And res judicata often involves a review of evidence outside of the record. *See Hillman* at ¶ 14. Consistent with that notion, federal courts may, sua sponte, raise the issue of res judicata in limited "special circumstances" so long as the court is "on notice that it has previously decided the issue presented" and resolving the issue of res judicata expends no judicial resources. *Arizona v. California*, 530 U.S. 392, 412-413 (2000). Otherwise, a court sua sponte raising an issue "erod[es] the principle of party presentation so basic to our system of adjudication." *Id.* at 413. All of this is to say, we do not consider whether J.D.'s request was barred by the doctrine of res judicata.

*Dictionary* (9th Ed. 2009). So, the order dismissing J.D.'s criminal charges marked the end of the criminal proceedings, which included the competency proceedings.

{**¶16**} After J.D.'s criminal proceedings were terminated, R.C. 2945.38(H)(4) instructed the trial court to discharge J.D. unless the court or State filed an affidavit in the probate court to begin civil involuntary-commitment proceedings under R.C. Chapter 5112 or 5123. In other words, the trial court's R.C. 2945.38(H)(4) order marked the end of J.D.'s criminal proceedings and the start of separate civil involuntary-commitment proceedings. Indeed, R.C. 5122.11 states that "[p]roceedings for a person with a mental illness subject to a court order . . . shall be commenced by the filing of an affidavit."

{**¶17**} After the court filed the R.C. 5122.11 affidavit, a probate court magistrate issued a temporary detention order. Under R.C. 5122.11, the court that issues a temporary detention order "retain[s] jurisdiction over the case." A person subject to a temporary detention order "may be observed and treated until" the court holds an involuntary-commitment hearing governed by R.C. 5122.141. R.C. 5122.11. And under R.C. 5122.141(B), the hearing to determine whether J.D. was "a person with a mental illness subject to court order" must occur within five days of the affidavit being filed or J.D.'s detention, "whichever occur[ed] first." R.C. 5122.141(A) and (B). Here, the affidavit and temporary detention order were filed on August 14, 2018, and the probate court held the involuntary-commitment hearing on August 17, 2018–well within R.C. 5122.141(B)'s timeframe.

{**¶18**} Expungement under R.C. 5122.141(B) is mandatory only if the person is discharged based on (1) the court's failure to hold an involuntary-commitment hearing within the statute's five-day deadline, and (2) involuntary-commitment proceedings are not reinstituted within 30 days. R.C. 5122.141(B). The probate court held a hearing

7

within the five-day period. Therefore, R.C. 5122.141(B)'s expungement provision does not apply to J.D.'s records.

## 2. *R.C. 2953.32(B)(1)(a)(i)*

{¶19} J.D. argues that his involuntary-commitment records were eligible for expungement under R.C. 2953.32(B)(1)(a)(i). That statute, however, provides "eligible offenders" an opportunity to apply "for the sealing or expungement of the record of the case that *pertains to the conviction*." (Emphasis added.) R.C. 2953.32(B)(1). In other words, R.C. 2953.32 governs the expungement of records of criminal convictions, not civil case records. And J.D.'s involuntary-commitment case was civil in nature. *See In re Winstead*, 67 Ohio App.2d 111, 116-117 (1980). J.D.'s involuntary-commitment records were not eligible for expungement under R.C. 2953.32(B)(1).

{¶20} We acknowledge J.D.'s concerns that his involuntary-commitment records affect his employment prospects. But we emphasize that J.D.'s involuntary-commitment records are sealed from public view, and therefore, no prospective employer would have access to his involuntary-commitment records.

{¶21} In sum, neither R.C. 5122.141 nor 2953.32 provided a mechanism for expunging the records of J.D.'s involuntary-commitment case. The probate court properly denied J.D.'s motion.

## III. *Conclusion*

{¶22} We overrule J.D.'s assignment of error and affirm the probate court's judgment.

Judgment affirmed.

KINSLEY, P.J., and ZAYAS, J., concur.