[Cite as *In re Florjancic*, 2026-Ohio-2328.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE DAWN MARIE FLORJANCIC    :

    :        No. 116030

[Appeal by Dawn Marie Florjancic]    :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** June 18, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2025MSC303370

---

### *Appearances:*

Amanda M. Bizub, *for appellant.*

LISA B. FORBES, P.J.:

{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. "The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion." *State v. Priest*, 2014-Ohio-1735, ¶ 1.

{¶ 2} Dawn Marie Florjancic ("Florjancic") appeals the judgment denying her application for change of name. After a thorough review of the facts and the law, we reverse and remand for further proceedings consistent with this opinion.

## I. Background and Procedural History

{¶ 3} On December 10, 2025, Florjancic filed an application to change her last name to Barna, for the following reason: "Ms. Florjancic has been in a long term relationship with her current partner and functions as a second mother to her teenage step daughter. The family wishes to present themselves as one unit with the same last name. The adults do not wish to marry."

{¶ 4} On December 15, 2025, the court issued a journal entry denying the name-change application. Pertinent to this appeal, the court found that the application "should be denied under the doctrine of res judicata which prevents the same issue from being relitigated once it has been judged on the merits." The court further provided, "This Application seeks to change the Applicant's name from Dawn Marie Florjancic to Dawn Marie Barna . . . . On March 26, 2025, the Applicant filed the exact same name change application," which the court apparently denied.

{¶ 5} Florjancic appealed, raising the following assignments of error:

I. The trial court erred as a matter of law when it denied Appellant's re-filed application for a name change on res judicata grounds, despite the limited evidentiary record in the original proceeding, and the materially expanded evidence contemplated in the subsequent application.

II. The trial court violated Appellant's right to Due Process when it denied the re-filed name-change application without notice, a hearing, or any opportunity to present evidence, thereby resolving factual and legal issues without an evidentiary record.

## II. Law and Analysis

{¶ 6}  With her first assignment of error, Florjancic asserts that the court erred in denying her name-change application, finding it barred by res judicata. We agree.

{¶ 7}  R.C. Ch. 2717 establishes requirements concerning applications for a change of name. "A person desiring to change the person's name may file an application in the probate court of the county in which the person resides." R.C. 2717.02. Pertinent here, a name-change application must set forth the "reason for which the change of name is sought" and "the new requested name." R.C. 2717.03(B)-(C). A court "may order" a name change "upon proof that the facts set forth in the application show reasonable and proper cause" for doing so. R.C. 2717.09.

{¶ 8}  "'Res judicata ensures the finality of decisions.'" *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, 2023-Ohio-3097, ¶ 15, quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Res judicata bars a party "from relitigating the same issue or claim that has already been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding." *Id.* at ¶ 16. We review de novo a trial court's application of res judicata. *Kobal v. Kobal*, 2022-Ohio-812, ¶ 8 (8th Dist.), citing *Hempstead v. Cleveland Bd. of Edn.*, 2008-Ohio-5350, ¶ 6 (8th Dist.). "'De novo review encompasses an independent examination of the record and law without deference to the underlying decision.'" *Torres v. Concrete Designs, Inc.*,

2019-Ohio-1342, ¶ 48 (8th Dist.), quoting *Gateway Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 2017-Ohio-1443, ¶ 22 (8th Dist.).

{¶ 9} The trial court dismissed this case sua sponte, on a record devoid of information regarding any prior name change that Florjancic sought, without giving her notice and an opportunity to address the court's concern that res judicata barred her present application. We find that it erred in doing so.

## A. Sua Sponte Dismissal

{¶ 10} This court has warned that sua sponte dismissal of an action without notice to the parties is "generally not countenanced." *Melling v. Scott*, 2016-Ohio-112, ¶ 7 (8th Dist.) (concerning dismissal of a declaratory-judgment action). "Dismissals without notice are fundamentally unfair to the parties and should be reserved for the plainly frivolous case." *Id. See also X-S Merchandise, Inc. v. Wynne Pro, L.L.C.*, 2012-Ohio-2315, at ¶ 16 (Trial court erred by sua sponte dismissing complaint without notice to plaintiff on the basis that plaintiff failed to prosecute a claim under Civ.R. 41(B)(1).). Where a court dismisses a complaint sua sponte under Civ.R. 41(B)(1), which requires notice, "[t]he purpose of notice is 'to provide the party [bringing the action] an opportunity to . . . explain why the case should not be dismissed with prejudice.'" *Id.* at ¶ 17, quoting *Dresher v. Summers*, 30 Ohio App.3d 271 (8th Dist. 1986).

{¶ 11} Though this case does not involve dismissal under Civ.R. 41(B)(1), informed by the above precedent, we find that the court's handling of this matter was "fundamentally unfair" under the circumstances and constituted reversible

error.  It is not clear from Florjancic's application that this is a "plainly frivolous case," in which sua sponte dismissal without notice might be permissible.  Florjancic provided the court the reason she sought to change her name — to share a surname with her partner and stepdaughter — and her new requested name, which is what R.C. 2717.03(B)-(C) required a name-change application to set forth.  We note also that R.C. Ch. 2717 does not prohibit successive name-change applications.  Further, "'It is universally recognized that a person may adopt any name he may choose so long as such change is not made for fraudulent purposes.'"  *In re Bicknell*, 2002-Ohio-3615, ¶ 8, quoting *Pierce v. Brushart*, 153 Ohio St. 372, 380 (1950).  In *Bicknell*, the Court held that a name change application was reasonable and proper under R.C. 2717.01 where a same-sex couple sought to combine their surnames to "add to the level of commitment they have for each other, as well as that of their unborn child."  *Id.* at ¶ 1, 4.

{¶ 12}  In light of the foregoing, we find that the court erred in dismissing Florjancic's application sua sponte, without providing notice and an opportunity to be heard.

### B.  Dismissal Based on Res Judicata

{¶ 13}  Moreover, the Ohio Supreme Court has found that a trial court errs by dismissing a complaint on the basis of res judicata where such dismissal requires consideration of matters outside the four corners of the complaint.  *Jefferson v. Bunting*, 2014-Ohio-3074, ¶ 10 (regarding grant of a motion to dismiss under Civ.R. 12(B)(6)).  This court, likewise, has recognized that courts "cannot rely on

evidence or allegations outside the complaint to decide a . . . motion to dismiss." *Siniscalchi v. K Hovnanian Meadow Lakes, LLC,* 2026-Ohio-177, ¶ 11 (8th Dist.). Consequently, "[i]t is well-established that res judicata is not a proper basis for dismissal under Civ.R. 12(B)(6)." *Id.* at ¶ 16. Application of res judicata generally entails "'comparing the facts of the present case with the facts of the previous case,'" which often requires considering information "outside the four corners of the complaint." *Bykova v. Cleveland*, 2025-Ohio-3285, ¶ 17-18 (8th Dist.), quoting *Pfalzgraf v. Miley*, 2019-Ohio-4920, ¶ 12-14 (7th Dist.).

{¶ 14} We find that the court erred in determining that res judicata applied at this stage of the case. We note that this case does not involve an adversarial proceeding where either party filed a complaint or a motion to dismiss under Civ.R. 12(B)(6). Nonetheless, we cannot say from the face of Florjancic's application that the requested name change before us concerns facts and issues that the trial court adjudicated in a prior matter. The record in this case does not contain any prior name-change application that Florjancic may have filed or any evidence that she may have provided to support it.

{¶ 15} Accordingly, assignment of error No. 1 is sustained. Consequently, Florjancic's second assignment of error is moot, and we render no opinion on whether this case necessitates an evidentiary hearing.

{¶ 16} Judgment reversed. Case remanded. If, on remand, the court seeks to dismiss this case sua sponte, it is instructed to provide Florjancic prior notice of its intent to do so and an opportunity to be heard.

It is ordered that costs are waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the probate court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

DEENA R. CALABRESE, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING:

{¶ 17} I fully concur with the majority's analysis and conclusion, although I understand the quandary the probate court found itself in after the second petition for name change was filed.

{¶ 18} This appeal asks the question whether a court can sua sponte raise and apply the doctrine of res judicata in uncontested proceedings. The majority rightfully addresses the concerns raised by a trial court doing so. Notwithstanding, I do acknowledge that courts wrestle with this question based in part on precedent suggesting that a court may sua sponte raise and then apply the doctrine. *See, e.g., Wells v. Hudson*, 2007-Ohio-1955, ¶ 6 (no error in sua sponte dismissing complaint based on res judicata); *Potts v. Rose*, 2003-Ohio-5102, ¶ 4 (sua sponte dismissal of habeas petition affirmed); *see also King v. Cuyahoga Cty. Court of Common Pleas*,

2002-Ohio-5860, ¶ 1 (8th Dist.).  It is questionable whether those decisions allowing courts to sua sponte apply the affirmative defense survive the renewed scrutiny on the party-presentation principle.  *Snyder v. Old World Classics, L.L.C.*, 2025-Ohio-1875, ¶ 4; *In re J.D.*, 2026-Ohio-1310, ¶ 13 (1st Dist.) (noting that the propriety of raising res judicata when not preserved by a party was questionable).  Cases such as *Hudson* and *Rose* complicate the procedural landscape, especially in consideration of the contrary authority as noted by the majority.

{¶ 19}  For this reason, I fully concur.